## Thomas Boon's Heirs, complainants v. William Chiles et al., defendants.

Mr Flaggin, for the complainants; Mr Wickliffe and Mr Depeu, for the defendants.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

In this cause the judges of the court for the seventh circuit and district of Kentucky, were divided in opinion on two questions, which were ordered to be certified to this court, in the following manner.

1st. This court being then divided, and the judges opposed in opinion as to the jurisdiction over the case, and unable therefore to render a decree on the merits, they resolve to adjourn that question to the supreme court: to wit, under all the circumstances appearing as above, can this court entertain cognizance of the case.

2d. The judges were also opposed in opinion on the point,

whether the complainants were entitled to a decree, in the absence of any proof that the persons made defendants in the amended bill, as heirs of George Boon, were, in fact, his heirs, both of which points occurred, and became material in this case.

1st. The first question adjourned to this court is, "under all the circumstances appearing as above, can this court (the circuit court for the district of Kentucky) entertain cognizance of the case.

The circumstances mentioned above are, that Thomas Boon, a citizen and resident of Pennsylvania, filed a bill in that court, in January 1823, against William Chiles, and others, citizens and residents in Kentucky, praying that the defendant, Chiles, or such other of the defendants as may hold the legal title, may be decreed to convey to him certain lands in the bill mentioned, and for general relief.

The bill states, that Reuben Searcy, being entitled to one moiety of a settlement, and pre-emption right of fourteen hundred acres of land, located in Licking, sold the same to William Hay, in September 1781, and executed a bond for a conveyance. In December following, Hay assigned this bond to George Boon, who, in April 1783, assigned it to the plaintiff. Hay, while he held the bond, obtained an assignment of the plat and certificate of survey, which he caused to be registered; and the patent was issued in his name in 1785.

The bill states, that in 1802, the plaintiff made a conditional sale of this land to Hezekiah Boone, but the conditions were not complied with, and the contract was considered by both parties as a nullity. Yet, a certain William Chiles, and the said Hezekiah Boon and George Boon, fraudulently uniting the plaintiff's name with their own, without his consent or knowledge, filed a bill in chancery, praying that the heirs of Hay might be decreed to convey the legal title to the said William Chiles, who claimed the right of Searcy, through the plaintiff, under his pretended sale to Hezekiah Boon. A decree was obtained, under which a conveyance was made to Chiles, by a commissioner appointed by the court. The plaintiff avers his total ignorance of these transactions at the time, and disavows them.

While this suit was depending, the decree of Bourbon court

was reversed in the court of appeals of the state, and the cause remanded to that court for farther proceedings.

The complainant died, and the suit was revived in the name of his heirs.

The case states, that the complainants amended their bill, showing a reversal of the decree of Bourbon court, and making the heirs of Hay defendants, and praying a conveyance from them. Their amended bill is not in the record. They also filed an amended bill, making the heirs of George Boon parties, and stating that his heirs disclaimed all title to the property. One of them answered and disclaimed title. It is not stated whether process was, or was not executed on the other heirs of George Boon.

The defendant, William Chiles, in his answer states, that there were other heirs of Hay than those mentioned in the bill and made defendants, who are not residents of Kentucky.

Upon this statement, the court is required to say, whether he circuit court for the district of Kentucky can take cogniance of the case?

No controversy exists between the plaintiffs and William Chiles, respecting the title of Searcy or his conveyance to Hay, or that of Hay to George Boon, or the conveyance of George Boon to Thomas Boon. Both claim under three several conveyances; both admit and assert their validity. Chiles contends, that Thomas Boon sold this equitable title to Hezekiah Boon, under whom he claims, which sale the plaintiffs deny. This then is the single point in issue between the parties. If the case is in such a situation as to enable the circuit court to take cognizance of this question, it has jurisdiction.

The bill states a contract between Thomas and Hezekiah Boon, for the sale of the property, which contract, it charges, became void by consent of parties; and that Chiles purchased from Hezekiah Boon, with full knowledge that it was void, and that the equitable title still remained in Thomas Boon. That, with this knowledge, he fraudulently filed a bill, in the name of himself and of the said Thomas, who was totally ignorant of the transaction, praying that the heirs of Hay might be decreed to convey to him. This decree was obtained, but has been since reversed.

It is clear, that the heirs of Hay can have no interest in this

contest between the heirs of Thomas Boon and William Chiles, and need not be made parties, but for the purpose of obtaining a conveyance of the legal title, if it still remains in them. The court may very properly decree as between Boon's heirs and Chiles, although the heirs of Hay should not be parties. Chiles is in possession of a contract for the sale of Boon's equitable title, which Boon alleged to be totally invalid, and to have been fraudulently acquired. His heirs now allege it. Chiles maintains that the sale from Thomas to Hezekiah Boon was absolute and bona fide ; and that the whole equitable interest of Thomas Boon is legally and justly vested in him. The heirs of Thomas Boon may certainly come into a court of equity, and ask its decree to compel William Chiles to surrender this contract, if it has indeed become a nullity, or to enjoin him perpetually from the use of it, or to convey any legal title he may have acquired under colour of it, to those who possess the real equitable right. Should the court be unable to decree against Hay's heirs, it may decree as between Boon's heirs and William Chiles, so far as respects the title of Chiles under Boon ; if the bill be so framed as to enable the court to grant that relief.

The original bill, as has already been shown, charges that Chiles purchased from Hezekiah Boon, knowing that he had no equitable right, and fraudulently prosecuted that right in the name of Thomas Boon, without his consent or knowledge. It prays for a conveyance of the legal title from those who may possess it, and also prays for general relief. This last prayer entitles the plaintiff to any relief which may be granted under his bill, and which is not inconsistent with the specific relief for which he asks. It must be admitted that had the bill prayed specifically for a surrender of the contract under which Chiles claimed, the court might have decreed it, had the testimony justified such a decree: and it will be conceded that this relief is not inconsistent with that for which the bill particularly prays.

We think, therefore, that the question between the plaintiffs, and the defendant William Chiles, is within the jurisdiction of the circuit court for the district of Kentucky, and may be decided by that court, though Hay's heirs were not parties to

the suit. That they were made parties, cannot oust the jurisdiction as between those who are properly before the court.

It is not intended to say, that where there are several heirs, some out of the jurisdiction of the court, a decree may not be made for a conveyance of their own shares, from those on whom process has been served: but it is not thought necessary to decide that question in this case as it is stated.

The principles settled in the answer to the first question decide the second. George Boon's heirs are not necessarily defendants. They can have no interest in the contest, nor is any decree asked against them. If they are made defendants, and the answer admits that they are heirs, as is admitted by the defendant who has answered, no farther proof can be required. If they do not answer, and the process is executed, so that the bill is taken for confessed, no farther proof is necessary. If the process be not executed, they are not before the court.

We do not perceive that in this case, as stated, any proof respecting the heirs of George Boon ought to be required.

The court directs the following certificate.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Kentucky, and on the questions and points on which the judges of the said court were opposed in opinion, and which was certified to this court for its opinion, agreeably to the act of congress in such case made and provided, and was argued by counsel; on consideration whereof, this court is of opinion, 1. That under the circumstances stated in the certificate of the judges, the said circuit court could entertain cognizance of the case. 2. That the want of proof that the persons made defendants in the amended bill as the heirs of George Boon, were in fact his heirs, is no obstruction to a decree on the merits of the cause; all of which is hereby ordered and adjudged to be certified to the said circuit court under the seal of this court.