# 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

| 79 | 671 |
| 90 | 657 |
| 79 | 671 |
| 102 | 840 |

## LYNCHBURG IRON CO. V. TAYLOE.

### December 11, 1884.

1. PRACTICE IN CHANCERY—*Parties.*—All persons materially interested in the subject of controversy ought to be made parties in equity; and if they are not, the defect, when apparent on the face of the record, may be taken advantage of, either by demurrer, or by the court at the hearing, or in the appellate court.

2. IDEM—*Idem—Assignor.*—Where bill in equity asks relief for plaintiff as assignee of the rights of another, the assignor must be made a party to the cause, and the assignment averred, and proved, though not denied in the answer. *Corbin* v. *Emmerson,* 10 Leigh, 697.

3. IDEM—*Case at Bar.*—Where the note sued on by the alleged assignee has only been endorsed for collection, it is necessary to make the alleged assignor a party.

Appeal from decrees of corporation court of Lynchburg, entered at its May and June terms, 1882, in the consolidated causes of *Cockerille* v. *Munford,* and *Tayloe* v. *Munford.* To the former suit, the Lynchburg Iron Company was no party. In it was controverted the right of Tayloe to a note made April 1st, 1875, by T. T. Munford to E. Dillon, trustee, for $6,449.80, and to have a lien therefor on certain real estate which had passed into the hands of said company. The note was not assigned by endorsement to Tayloe; it was endorsed for collection; and the testimony was conflicting as to whose money discharged the note. The court below decreed (among other things), that said company pay to said Tayloe (of the amount of the note), the sum of $4,882.47, with interest on $4,540.43, from

September 23, 1880, until paid. From this decree the company obtained an appeal and *supersedeas.* Opinion states the case in detail.

*John W. Daniel, Kirkpatrick & Blackford,* for the appellants.

*Kean & Kean,* for the appellees..

LACY, J., delivered the opinion of the court:

This is an appeal from decrees of the corporation court of Lynchburg, rendered at the May and June terms, 1882, in this cause. The facts of the case necessary to be stated are briefly as follows:

In 1860, one F. B. Deane, Jr., of the city of Lynchburg, died, leaving, among other property, an iron foundry and other works, which, subsequently passing into the hands of the appellant company, is involved in this litigation.

In 1871, in pursuance of the will of the said F. B. Deane, Jr., the parties interested in the property (other than the son, F. B. Deane), viz: the widow of F. B. Deane, Jr., and the guardian of the Fleming grandchildren of the said F. B. Deane, Jr., conveyed the said foundry and other property to the said son, F. B. Deane, and he, the said F. B. Deane, the son, conveyed the same in trust to secure the payment of the purchase money for the same to Mrs. F, B. Deane, Jr., A. B. Deane, and to Fleming, guardian of the children of Mrs. Fleming (the grandchildren of F. B. Deane, Jr.)

In 1874 this proceeding was ratified and approved in a chancery suit brought in the corporation court of Lynchburg for the purpose. In 1875 F. B. Deane failed in business, and on the 1st day of March, of that year, made a deed to one E. Dillon, trustee, to secure his creditors. The purchase money to Fleming, guardian, not having been paid, E. Dillon, trustee, sold the property to Thomas S. Munford, and a suit in chancery was

instituted in the circuit court of Lynchburg to give Munford a title. Decrees were entered in that suit requiring Munford to deliver to a bank in Lynchburg his notes, for the amount of the purchase money and interest, all dated 1st of April, 1875, and so divided that the notes could be decreed to the parties entitled to the purchase money. This was done, and the notes deposited subject to the order of the court in that case. One of the notes aforesaid was for $6,449.80, payable two years from April 1st, 1875. This note is the subject of the controversy in this case. Dillon, trustee, made a deed to Munford, and took a trust deed, executed by Munford, to secure these notes for the purchase money. This note, of $6,449.80, was not paid at maturity. Subsequently Fleming, guardian, was authorized by decree, entered in the cause, to withdraw this note from the bank for the purpose of collection and investment.

It is claimed in this suit on the one hand, that this note was paid to Fleming, guardian, by Munford, and the debt satisfied and the lien therefor discharged. On the other hand, it is claimed that it was paid by Munford for one Tayloe, and that Tayloe is entitled to subject the property to satisfy the lien of the same in his hands, which Fleming, guardian, had agreed to assign to him.

Testimony is taken in the cause, which is conflicting as to this question, but the corporation court in this cause, by decree entered herein, held the lien to be undischarged, and subsisting for Tayloe as the assignee of the note to the amount of $4,882.47, with interest, or $4,540.43 from July 1, 1881, and $77.79, with interest on $71.30 from same time.

From this decree appeal was applied for, and allowed by this court. The first ground of error assigned is, that the note has never been assigned by Fleming, guardian, except for collection, while he had agreed to assign the same to Tayloe when paid in full, but that Fleming, guardian, has not been made a party to this suit and is not before the court, and cannot be bound by any decree entered in the cause; the notes in question having been

produced before the commissioner by the counsel of Tayloe. Fleming, guardian, is admitted to be a proper party, but it is claimed by the appellee that he is not a necessary party.

It is the general rule in equity that all parties in interest must be made parties to the suit either as plaintiffs or defendants; and in the case of an absolute assignment in writing, if there be nothing in the pleadings or proof to induce the belief that the assignor has not parted with all his interests in the subject of the suit, it is an unnecessary and useless expense to make him a party. In all cases where the assignment *is absolute* and *unconditional,* leaving no equitable interest whatever in the assignor, and the extent and validity of the assignment is not doubted *or denied,* and there is no remaining liability in the assignor to be affected by the decree, it is not necessary to make the assignor a party. See *Ward* v. *Van Bokkelen,* 2 Paige, 289; *Boon* v. *Chiles,* 8 Pet. 532; *Brace* v. *Harrington,* 2 Atk. 235; *Bromley* v. *Holland,* 7 Ves., Jr., 14; *Miller* v. *Bear,* 3 Paige, 467, 468; *Whitney* v. *McKinney,* 7 Johns' Ch. R. 144; Sands' Suits in Equity, 204; *Omohundro* v. *Henson and others,* 26 Gratt. 511.

But the mere possession of a writing by which a debt is acknowledged, without any written agreement from the person to whom that acknowledgement was made, is not sufficient to sustain a bill. In such case the person to whom the debt was originally due, must be made a party to the suit. *Auditor, &c.,* v. *Johnson,* 1 H. & M. 536; *Corbin* v. *Emmerson,* 10 Leigh, 697; 2 Rob. Old Practice, 272. In this case the note in question has not been assigned by Fleming, guardian, and it is admitted that he has not been requested to so assign it; and his deposition has not been taken in the cause. From the record in the cause it cannot be determined whether he has any interest in the suit or not. It is a question constantly recurring in all courts of equity, how far one who is a party to the contract, but who has assigned his interest, is a necessary party to a suit affecting the subject matter of the contract.

The rule is perfectly undeviating, that no person need be joined in a suit in equity, either as plaintiff or defendant, upon the ground merely of having been a party to the contract, if he is no longer interested in the controversy. But there are some cases where a party still remains liable to certain consequences growing out of the contract, and when the suit will have a bearing upon such liability; and in such cases it becomes necessary to make him a party to the suit. In *Burnett* v. *Harwell*, reported in 3 Leigh, ·95, Tucker, P., said, that if the assignees of the decree for which that action was brought had sued in equity, their assignor would have been a necessary party.

There is no doubt that according to the ancient practice of the English court of chancery, the assignor of a chose in action was a necessary party to a bill to recover the amount. 2 Rob. Old Practice, 272 ; *Cathcart* v. *Lewis*, 1 Ves., Jr., 463 ; Mitf. Pl. 179.

Mr. Justice Story observes that, "In general the person having the legal title to the subject matter of the bill must be a party (either as plaintiff or as defendant) although he has no beneficial interest therein; so that the legal right may be bound by the decree of the court. In cases, therefore, where an assignment does not pass the legal title, but only the equitable title to the property, * * * it is usual, if it is not always indispensable, to make the assignor, holding the legal title, a party to the suit." Story's Eq. Pl., § 153.

Where the assignment is not absolute and unconditional, or the extent or validity of the assignment is disputed or denied, or there are remaining rights or liabilities of the assignor, which may be affected by the decree, then he is not only a proper but a necessary party.

In this state it must be regarded as settled law, that in every case of a bill in equity asking relief for the plaintiff as assignee of the rights of another, the assignor must be made a party to the cause, and the assignment ought to be shown and proved, though the fact be not denied, nor proof of it called for in the

answers.    See the opinion of Judge Scott in the case of *Corbin*
v. *Emmerson*, 10 Leigh, 697; *Sheppard's Ex'or* v. *Starke*, 3
Mun. 29; *Armentrout* v. *Gibbons*, 25 Gratt. 376; *Richardson* v.
*Davis*, 21 Gratt. 710; *McKinnie* v. *Rutherford*, 1 Dev. and Bat.
15; *Cathcart* v. *Lewis*, 1 Ves., Jr., *supra; Ray* v. *Fenwick*,
3 Brown's Ch. 25; *Tennant's Heirs* v. *Patton*, 6 Leigh, 196.

This objection, on account of the defect for want of proper
parties, may be made at the hearing or even in the appellate
court for the first time.    In the case of *Sheppard* v. *Starke*, 3
Munf., *supra*, the objection was pressed for the first time in the
appellate court, and the record showing on its face that there
ought to be other parties, the decree was reversed, which was
cited and approved in *Armentrout* v. *Gibbons*, 25 Gratt. 371, in
the opinion of Bouldin, judge.    The note sued on by the alleged
assignee in this cause not having been assigned to him by the
alleged assignor, but endorsed only for collection, it is necessary
to make the said alleged assignor a party to any proceedings
having for their object the disposition of the said note, and he
not having been made a party to the cause, we are constrained
for that cause to reverse the decree of the corporation court, and
to remand the cause.    In the view thus taken of the cause, it is
not deemed proper to pass upon any other question raised in the
record.

DECREE REVERSED.