# Richmond.

## WELSH V. SOLENBERGER.

### November 8th, 1888.

1. EQUITABLE JURISDICTION AND RELIEF—*Bill confessed.*—Where a bill to set aside conveyance contains positive and specific allegations of fraud, those allegations are taken as true on the bill being taken as confessed. *Price* v. *Thrash*, 30 Gratt. 515.

2. IDEM—*Answer—Final decree.*—A decree annulling conveyance for fraud and directing commissioner to ascertain the location and value of the lands and the liens thereon, is not a final decree in the sense that an answer may not be filed thereafter. Code 1887, § 3275.

3. IDEM—*Statute of limitations—Voluntary conveyances.*—In absence of fraud, suit by creditors to annul conveyance to a husband, in trust for his wife, on the ground that the consideration was paid by him, is barred by five years. Code 1887, § 2929.

4. IDEM—*Case at bar.*—Land sold for debt was repurchased with money loaned by debtor's brother and reconveyed to him in trust for his wife. The note for the loan was signed by husband and wife, and lender testified that he made the loan to assist his brother, but the land was for the wife;

HELD:

   The conveyance was not fraudulent as to creditors.

5. HUSBAND AND WIFE—*Curtesy—Husband's debts.*—Since the married woman's act, husband's curtesy initiate in his wife's lands cannot be sold to pay his debts.

Argued at Staunton, decided at Richmond. Appeal from decrees of circuit court of Frederick county, rendered at March term, 1886, June term, 1887, and in vacation July 29th, 1887, in the creditors' suit therein pending under the style of Welsh *v.* Solenberger and others. The said decrees being adverse to

the complainants, they obtained an appeal and *supersedeas.* Opinion states the case.

*William L. Clark,* and *A. R. Pendleton,* for appellants.

*John J. Williams,* and *Holmes Conrad,* for appellees.

LEWIS, P., delivered the opinion of the court.

This was a suit in the circuit court of Frederick county against N. W. Solenberger and Barbara, his wife, and others, to set aside certain conveyances, and to subject the lands conveyed thereby to the satisfaction of a judgment recovered by the plaintiff against the said N. W. Solenberger. The bill charges that the money with which the lands were bought and improved was furnished by Solenberger, but that the conveyances were taken in his name as trustee for his wife; that the conveyances were voluntary and fraudulent in law, and, moreover, were fraudulent in fact, having been made and taken with intent to hinder, delay and defraud the creditors of the said Solenberger.

All the defendants made default, and by a decree rendered March 14, 1885, upon the bill taken for confessed, the conveyances were set aside, and the cause referred to a commissioner of the court to ascertain and report the location of the lands, their fee-simple and annual value, the liens thereon, etc. Subsequently, in July of the same year, Mrs. Solenberger presented a petition to rehear the decree upon the ground that it had been obtained by surprise, and because it lacked the requisite certainty and precision in describing the conveyances in question, and for other reasons set forth in the petition. At the same time both Solenberger and wife tendered their answers to the bill, which they asked leave to file. The court allowed the answers to be filed, and granted the rehearing, but provided in the order that "pending said rehearing, the aforesaid decree of March 14, 1885, shall remain in force as a lien until the future

order of the court, and, save as herein reheard, shall for the present remain in full force."

Testimony was afterwards taken, and when the cause came on to be finally heard the decree aforesaid was wholly annulled and the bill dismissed, whereupon the plaintiff appealed.

The first point we will notice is one made by the appellees. They contend, first, that the decree of the 14th of March, 1885, was rightly reheard, because, they say, when *fraud* is charged in the bill it must be *proved* to entitle the plaintiff to a decree, notwithstanding the bill be taken for confessed. We do not, however, concur in the view thus broadly expressed. The true rule, applicable as well to a case like the present as to any other, is this: that when the allegations of a bill are distinct and positive, and the bill is confessed, such allegations are taken as true without proof. But when its allegations are indefinite, or the demand of the plaintiff is in its nature uncertain, the certainty requisite to a proper decree must be afforded by proofs. 2 Rob. (old) Pr. 324; *Thompson* v. *Wooster*, 114 U. S. 104.

This rule was recognized in *Price* v. *Thrash*, 30 Gratt. 515, in which case a bill was filed against Price, a judgment debtor, and his alienees, to subject the lands in their possession to the satisfaction of the plaintiff's judgment, on the ground that the conveyances sought to be set aside were fraudulent. Price answered the bill, but the other defendants made default, and there was a decree for the plaintiff, setting aside the conveyances in question, and directing the land to be sold. Price alone appealed, and, among other things, contended that it was error, without proof, upon the bill taken for confessed as to the alienees, to decree a sale of the land which had been conveyed to them. But the court, speaking by Judge Burks, held otherwise, saying that in any view the decree in that respect was not to the prejudice of the appellant, and, moreover, that there was no error in the decree as against the alienees, because the allegations of the bill were positive and explicit, and were, therefore, properly treated as true on the bill taken for confessed as to them.

We are of opinion, however, that the decree appealed from, dismissing the bill, is right. The statute provides that at any time, before final decree, a defendant may be allowed to file his answer; but the hearing is not to be consequently delayed, unless for good cause shown, or unless the plaintiff should elect to continue it, or remand it to the rules. Code, section 3275 ; *Bowles* v. *Woodson,* 6 Gratt. 78. And the term "may" in the statute, it has been decided, is imperative, and means "shall." *Bean* v. *Simmons,* 9 Gratt. 389 ; 1 Bart. Ch. Pr. 383.

Hence the answers of Solenberger and wife were offered in time ; for nothing can be plainer than that the decree of March 14, 1885, setting aside the conveyances, and referring the cause to a commissioner for inquiry and report, with a view to further action in the cause, was an interlocutory, and not a final decree. In other words, it was a step preliminary to subjecting the land to the plaintiff's judgment. A final decree, as this court has repeatedly decided, is one which makes an end of the cause; which decides the whole matter in contest, costs and all, leaving nothing to be done to give completely the relief contemplated by the court in the cause. *Rawlings' Ex'or* v. *Rawlings,* 75 Va. 76 ; *Barker* v. *Jenkins,* 84 Va. 895, and cases cited.

Nor was the cause delayed by the filing of the answers; or, rather, the cause was delayed, independently of the leave given to file the answers. The record shows that a part of the land sought to be subjected had been conveyed, before the suit was brought, to *bona fide* purchasers for value and without notice of the plaintiff's claim to subject the land, and who were not made parties to the suit—which fact was brought to the attention of the court when the answers were filed. They were necessary parties, and ought to have been made parties; for, as was said by Judge Lacy, in delivering the opinion of the court in *Lynchburg Iron Co.* v. *Tayloe,* 79 Va. 671, it is the general rule in equity that all persons in interest must be made parties to the suit either as plaintiffs or defendants, and if not, the objection for want of parties may be made at the hearing, or even in the

appellate court, for the first time. Hence, in the absence of the parties above-mentioned, the plaintiff was not entitled to the relief prayed for in the bill.

The position of the appellant, that the non-joinder of those parties did not affect his right to subject the land in question which had not been conveyed to them, does not affect the case. The bill claimed the right to subject all the lands mentioned therein, and the question in this connection is, whether the cause was necessarily delayed independently of the filing of the answers. And as it was, the only remaining question necessary to be considered is, whether upon the pleadings and the proofs taken after the answers were filed, the plaintiff was entitled to a decree. For, if he was not, then whether the grounds upon which the rehearing of the decree of March 14, 1885, were prayed for, were or were not sufficient to justify the court in granting the rehearing, is not a material inquiry, since, in any view as to that matter, the appellant has not been prejudiced, and the bill was rightly dismissed. It may be remarked, however, that whether a rehearing of an interlocutory decree by default shall be granted or not, rests in the sound discretion of the court, to be determined upon the particular circumstances of each case. There is no general or positive rule on the subject. Adams' Eq. 397, *note; Wooster* v. *Woodhouse,* 1 Johns Ch. 540; *Kendrick* v. *Whitney,* 28 Gratt. 646.

The answers deny that the lands in question, or any part of them, were bought or improved with money furnished by the defendant, N. W. Solenberger, or that the conveyances were voluntary, or that they were fraudulent in fact. They also set up the defence of the statute of limitations, so far as the charge that the conveyances were voluntary is concerned, and the defence is undoubtedly a complete answer to the charge, as the conveyances were made more than five years before the suit was brought. *Bickle* v. *Chrisman's Adm'r,* 76 Va. 678. (The limitation in such cases prescribed by the new Code is now five years

from the time the right to avoid the conveyance accrues. Code 1887, sec. 2929). So that the real question is, whether the conveyances are fraudulent in fact.

The evidence in the record relates chiefly to the land designated as the "Carter tract." This land had been previously sold at a judicial sale as the land of the defendant, N. W. Solenberger, and purchased by one Horner, who afterwards agreed with Mrs. Solenberger to let her have it at a certain price. Solenberger himself was insolvent and without means, and accordingly a brother of his, S. W. Solenberger, a citizen of Pennsylvania, was applied to for a loan with which to effect the purchase, who furnished for the purpose the sum of $2,500. S. W. Solenberger was examined at considerable length as a witness in the case, and upon his evidence the case turns.

We have carefully read his deposition, and are satisfied it proves a loan, not to the defendant, N. W. Solenberger, but to Mrs. Solenberger, his wife. The witness says that before loaning the money, he consulted counsel in Winchester, who was also counsel for certain of the creditors of N. W. Solenberger, to ascertain whether the loan could be safely made, and upon advice thus obtained he acted. It is true he testifies that he loaned the money to assist his brother, and that he took a note for the amount, signed by Mrs. Solenberger and her husband. But the motive with which he loaned the money does not prove that he loaned it to his brother. On the contrary, he says he knew his brother was insolvent, and that Mrs. Solenberger was to have the farm—the idea of the witness evidently being, taking the whole of his deposition together, that if the land was acquired by her it would afford a home and the means of support for his brother and his family, and therefore the loan was made to her. It would be unreasonable to suppose he could have been guilty of the folly, in an effort to assist his brother and his family in their financial embarrassment, of loaning him money to buy land, which the record shows he must have known would

in all probability at once be taken, if purchased by his brother, to satisfy the demands of creditors. In short, the evidence disproves the case of the appellant.

The position taken in the petition for appeal, that the defendant, N. W. Solenberger, has at least an estate by the curtesy in the Duvall tract of land, liable to the appellant's judgment, is fully met by the decision of this court in *Breeding* v. *Davis*, 77 Va. 639, and in the recent case of *Alexander* v. *Alexander*, *ante*, p. 353, as the land was purchased by Mrs. Solenberger and conveyed to her since the passage of the "married woman's act," and she is still living. The decree is affirmed.

DECREE AFFIRMED.