# Richmond.

## COMPTON v. THORN.

### MARCH 29th, 1894.

1. PARTNERSHIP—*Dissolution*— *Contribution*— *Laches.*—A surviving partner who, after his co-partner leaves the State, takes possession of the assets, which are ample to pay the firm's indebtedness, and assumes control of the business, undertaking to close it up, and fails for thirty-four years to render any account, or make any claim against his co-partner or his estate for contribution for firm debts paid by him : *held*, precluded by his *laches* from claiming such contribution and subjecting his deceased partner's lands, in the hands of his widow and children, to the payment of a share of such debts.

2. IDEM—*Parties.*—Where in such case there was a third partner, also deceased, equally liable for the firm debts, in a suit for contribution by the surviving partner, *held*, the administrator and heirs of such third partner should be parties.

Argued at Wytheville.  Decided at Richmond.

Appeal from decree of circuit court of Bland county, rendered October 5, 1891, in a chancery suit wherein John R. Compton was complainant, and the administrator and heirs of Gordon C. Thorn, deceased, were defendants.  The circuit court having decreed against the complainant, he appealed. Opinion states the case.

*Martin Williams*, for appellant.

*W. F. Harman*, for appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The facts disclosed by the record are, that John R. Compton and Gordon C. Thorn and E. F. Neel were partners in a mercantile firm under the name of E. F. Neel & Co., in the county of Giles, in Virginia, which partnership ceased active business long prior to the late civil war, and was heavily involved in debt, for which suits were instituted in the circuit court of Giles county, where they pended until the formation of Bland county, in 1861, when they were removed to the circuit court of Bland county, where they were continued until 1873; when the said suits were compromised by the execution and delivery of the bonds, with satisfactory security, of the said John R. Compton and said G. C. Thorn, surviving partners, E. F. Neel being then dead, and having, many years previous, left the State of Virginia.

When these bonds became due they were sued upon and judgment was obtained, and executions sued out; and they were paid by the active surviving partner, John R. Compton. G. C. Thorn died previous to the institution of this suit against his widow and heirs and personal representative in 1886, claiming that the said John R. Compton was only justly entitled to pay one-half of the aforesaid debts; and praying for substitution, as to one-half of the payments made by him, against the estate of G. C. Thorn, deceased.

To this bill, Gordon Wohlford, sheriff of Bland county, and, as such, administrator *d. b. n.* of G. C. Thorn, deceased; J. W. Thorn, Angus C. Thorn, G. A. Williams, and M. S. Williams, his wife; M. J. Thorn, Lizzie S. Thorn, Hannah J. Thorn, and Lula M. Thorn, an infant, were made parties defendant.

The said defendants demurred to and answered the bill, denied all the material allegations, and called for strict proof and for a settlement of the partnership accounts; and pleaded the death of parties and lapse of time and *laches*, and the statute of limitations. The answer of Gordon Wohlford, sheriff, &c.,

and as such, administrator, *d. b. n.* of G. C. Thorn, deceased, insists, that John R. Compton, independently of the great lapse of time and death of parties and other grounds of defence, is not entitled to recovery against the estate of G. C. Thorn, deceased, for the matters set up in his bill; but, on the contrary, a fair and lawful settlement between said G. C. Thorn and said John R. Compton of the E. F. Neel & Co. business and assets, will show that said John R. Compton is largely indebted to said G. C. Thorn's estate; and the said answer denies that the said G. C. Thorn's estate is indebted to, or, in any way, liable to said John R. Compton, by reason of the said G. C. Thorn's connection with the E. F. Neel & Co. business or partnership.

The answers of the other defendants deny that the complainant is entitled to recover against the estate of G. C. Thorn, deceased—in the hands of his widow and heirs—on account of the partnership debts in the bill mentioned, which he claims to have paid.

Upon the hearing of the cause the circuit court entered the decree appealed from, dismissing complainant's bill. We are of opinion that the bill was properly dismissed.

It appears from the record that the concern of E. F. Neel & Co.—composed of E. F. Neel, John R. Compton, and G. C. Thorn—did a country mercantile business in Giles county, Virginia (now Bland), for some years previous to the late civil war, quitting business in 1859, at which time E. F. Neel, who had been the active managing partner of the firm, got into trouble and left the State. Then and thereupon John R. Compton, the complainant in this suit, took possession and exclusive control and management of the large stock of goods on hand, and of the accounts and notes due the firm, and undertook to close up and settle the partnership business. The proof is, that the assets of the firm, which went into his hands and under his control, and for which he has never rendered any account (nor stated any in his bill), were ample to meet all the debts and liabilities of the firm; and, now, after the

death of E. F. Neel and of G. C. Thorn—twenty-six years after the firm ceased to do business and eight years after the last payment which he claims to have made of the partnership debts for which he claims contribution—he seeks to subject the lands of G. C. Thorn's estate, in the hands of his widow and children, for the debts of a business concern, with which G. C. Thorn, while living, had no active or managing control or oversight, and of which he, the said John R. Compton, had complete and undivided control, and for which he has never settled or accounted. Even if G. C. Thorn had ever been liable for any part of the two partnership debts of E. F. Neel & Co., for which complainant seeks to subject his estate, his *laches* in failing to prosecute his claim within a reasonable time, and in the lifetime of other parties who had knowledge of the facts, has been such as to make it now inequitable for him to be heard in a court of equity, and the estate of E. F. Neel would be equally bound to contribute, and his personal representative and heirs should have been made parties defendant and made to contribute their just proportion. But E. F. Neel left Virginia in 1859, and died in one of the western States, seized of a valuable tract of 430 acres of land in Bland county, Virginia, which has been divided and assigned to his heirs at law, non-residents of Virginia, by proceedings had for that purpose in the circuit court of Bland county, before the eyes of the complainant, who, by neither word nor deed, never intimated or asserted his claim for contribution for the partnership debts, which he assumed, and was primarily bound to pay, with the ample assets of a dissolved partnership, of which he was the managing partner and the perceptor of the assets, for which he has never accounted since he took and exercised exclusive control in 1859—thirty-five years before the filing of his bill in this suit.

The bill is defective and demurrable, because it prays for subrogation to the rights of creditors against a co-partner, without a settlement of partnership accounts, and without set-

ting forth or defining the interest of complainant therein; and also because of failure to make the administrator and heirs of the co-partner, E. F. Neel, deceased, parties defendant to the suit. See Sheldon on Subr., sec. 171; 3 Pomeroy Equity, 1419 and note; 5 S. E. Rep., 701; Calvert on Parties, 261; 79 Va., 671; 13 Va. L. J., 524.

The bill was properly dismissed withal, because the evidence fails utterly to establish the merit of the complainant's claim.

For the foregoing reasons we are of opinion to affirm the decree of the circuit court of Bland county appealed from, in which we find no error.

DEJREE AFFIRMED.