# Richmond

## C. C. BOVA, TRADING AS C. C. BOVA & COMPANY V. ROANOKE OIL COMPANY, INC.

December 7, 1942.

Record No. 2581.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Eggleston, JJ.

The opinion states the case.

*Charles D. Fox, Jr.*, for the plaintiff in error.

*A. L. Hughson* and *Paul S. Johnson*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Roanoke Oil Company, Inc., hereinafter called the plaintiff, filed a notice of motion for judgment in the court below against C. C. Bova, trading as C. C. Bova & Company, hereinafter called the defendant, to recover damages in the sum of $563.31 for breach of contract. It was alleged in the notice of motion for judgment and the bill of particulars subsequently filed, that the parties had entered into a written contract, dated September 7, 1939, under which Bova had agreed to purchase, at a stipulated price, all of the gasoline and oil required by him during the period of two years from the date of the contract, that Bova had breached the contract on November 11, 1940, and that as a result of such breach the plaintiff had suffered "a loss of profits" in the amount stated.

The defendant filed a plea of *nil debet* and grounds of defense. In the latter he neither admitted nor denied the execution of the contract, but alleged that "If such a contract did exist, the same was breached on the part of the plaintiff prior to November 11, 1940". He denied the plaintiff's right to a recovery, but asserted that "if any recovery is had, it must be based on net profit."

After issue had been joined the case was set for trial on Friday, November 21, 1941. On Tuesday, November 18, the plaintiff, pursuant to Code, section 6237, filed in the clerk's office an affidavit alleging that he verily believed that there was in the possession of the defendant certain delivery slips, sales slips, or ledger accounts showing the quantity of gasoline which the defendant had purchased from the Park Oil Company, Inc., or others, between November 11, 1940, and the date of the expiration of the contract on September 7, 1941, and that these records were necessary and material to

the proof of the plaintiff's case. On the same day a subpoena, based on the affidavit, was issued from the clerk's office and served on the defendant requiring him to produce these documents at the trial.

On November 18 a subpoena *duces tecum*, pursuant to Code, section 6219, was served on the president of the Park Oil Company, Inc., directing him to appear at the trial and produce the corporation's records showing the quantity of gasoline that it had sold to Bova, the defendant, between November 11, 1940, and the date of the expiration of the contract on September 7, 1941.

When the case was called for trial both the plaintiff and the defendant announced that they were ready. After the jury had been sworn and opening statements of counsel for the respective parties had been made, counsel for the plaintiff stated to the court that it would be necessary for the plaintiff to prove the quantity of gasoline purchased by the defendant, during the period in question, either from the records of the defendant, Bova, or those of the Park Oil Company, Inc., and that proper subpoenas had been served requiring the production of these records. Both Vaughan, the president of the Park Oil Company, Inc., and Bova were called as adverse witnesses, and it developed that neither had produced the documents called for. The record before us does not contain a verbatim transcript of the testimony of these witnesses and hence we must rely on the brief resumé found in the bill of exceptions.

Vaughan testified that the records required of his company had been destroyed. Bova testified that he had no records showing the quantity of gasoline purchased by him from the Park Oil Company, Inc., or others, other than "checks and ledger accounts which were stored in various places"; that "it would take him three or four days to get this evidence together"; and that "he was advised by his counsel not to produce anything." This last statement, at the suggestion of his counsel, he later explained by saying that the document which he had been advised not to produce was the copy of

the notice of motion for judgment served on him, and not the records mentioned in the subpoena.

At any rate, the trial court certified that after it had heard these witnesses testify and had observed their demeanor on the stand, it was "of the opinion that the failure and refusal of the defendant, C. C. Bova, to produce the evidence which was in his possession and necessary to prove the plaintiff's case was willful and intentional". Thereupon, on motion of the plaintiff, it struck the pleas of the defendant and entered a default judgment in favor of the plaintiff for the full amount sued for.

The present writ of error brings under review the validity and propriety of this judgment.

The principal contention of the plaintiff in error (the defendant below) is that the plaintiff failed to offer any evidence in support of its claim; that it failed to prove either the existence of the contract, the breach thereof, or the quantum of damages; and that in the absence of such evidence the trial court lacked the power and authority to enter the judgment complained of.

Code, section 6237, is quoted in full in the margin.*

*"Sec. 6237.—*When and how production of book accounts or other writing compelled.* In any case at law a party may file in the clerk's office, and in any case or matter before a commissioner of a court any person interested may file with such commissioner, an affidavit, setting forth that there is, he verily believes, a book of accounts or other writing in possession of an adverse party or claimant containing material evidence for him, specifying with reasonable certainty such writing or the part of such book. The clerk or commissioner shall issue a summons, directed as under the preceding section, requiring him to summon the proper party to produce such writing, or an exact copy of such part of the said book, and make return thereof as under that section. With the summons there shall be a copy of the affidavit, which shall be delivered to the person served with the summons at the time of such service; if the summons be against a plaintiff, who is not a resident of this State, or a defendant who is not a resident of this State, but who has appeared in the case or been served with process in this State, the service may be on his attorney-at-law. When the court in which the case is, or whose commissioner issued the summons, is satisfied that the person filing such affidavit has no means of proving the contents of such writing, or of such part of the book, but by the person summoned producing what is required by the summons, and that the same is relevant and material, and sees also that the call therefor has not been unreasonably delayed, it may,

At common law a party to an action at law was not a competent witness, and, of course, could not be compelled to attend trial and bring with him any books or writings in his possession pertinent to the issues. Notice to produce such records was the only remedy at common law, but this was not effective to compel such production. The only effect of the notice was to lay the foundation for the introduction of parol or secondary proof of the contents of the documents. The production of such documents, in the possession of the opposing party, was accomplished by filing in chancery a bill of discovery. 20 Am. Jur., Evidence, section 917, pp. 772, 773; 32 C. J. S., Evidence, section 754, pp. 669, 670.

Now that a party to an action at law is a competent witness, bills of discovery have in a large measure been superseded in most jurisdictions by statutes similar to Code, section 6237, requiring an adverse party to produce at the trial records containing relevant and material evidence, and the companion statute (Code, section 6236) requiring him to answer interrogatories. *French* v. *Stange Mining Co.*, 133 Va. 602, 616, 617, 114 S. E. 121.

" * * * Under most statutes noncompliance with such order, and nonproduction of the document, authorize a penalty of some kind, usually in the nature of a judgment against the party failing to produce, such as dismissal or nonsuit, in the case of a plaintiff, * * * or the entry of a judgment by default in the case of a defendant." 32 C. J. S., Evidence, section 760, pp. 676-77. See also, Wigmore on Evidence, 3d Ed., Vol. 6, section 1859e, pp. 471-72; Freeman on Judgments, 5th Ed., Vol. 3, section 1275, p. 2650.

---

unless the person summoned shall, in a reasonable time, either produce what it so required, or answer in writing, upon oath, that he has not under his control such book or writing, or any of the like import, attach him and compel him to do the one or the other. It may also, if it see fit, set aside a plea of such person, and give judgment against him by default, or if he be plaintiff, order his suit to be dismissed with costs, or if he be claiming a debt before a commissioner, disallow such claim. This section shall apply to corporations and the court or commissioner, as the case may be, shall have jurisdiction to enforce its provisions as to a corporation by attaching the proper custodian of any such book or other writing, in the possession of such corporation."

Under the terms of the Federal statute (28 U. S. C. A., sec. 636; R. S., section 724), "if a defendant fails to comply with such order, the court may, on motion, give judgment against him by default."

Compare Rule 37 (b) (2) (iii) of the Federal Rules of Procedure, which authorizes, among other penalties, "rendering a judgment by default against the disobedient party" who fails to produce the records required.

See also, Michie's West Virginia Code of 1937, section 5743; Michie's North Carolina Code of 1939, section 1824.

And, so, Code, section 6237, provides, in substance, that where a party disobeys a summons, issued in the prescribed manner and not "unreasonably delayed," to produce at the trial relevant and material documents necessary to the proof of his adversary's case, and fails to "answer in writing, upon oath, that he has not under his control such book or writing, or any of the like import," the court may "attach him and compel him" either to make such answer or produce such documents. In addition to this measure the court "may also, if it see fit, set aside a plea of such person, and give judgment against him by default, or if he be plaintiff, order his suit to be dismissed with costs, or if he be claiming a debt before a commissioner, disallow such claim."

These provisions are couched in plain and unambiguous language. It will be observed that the court is empowered to do more than merely set aside the plea of the defendant and allow the plaintiff to proceed with the proof of his case. The statute goes further and provides that the court may bring the case to a final conclusion by entering judgment by default against the defendant. If the disobedient party is the plaintiff the court may in a like manner enter final judgment against him.

Whether the penalty provided for in the statute should be imposed, or whether the court should adopt one prescribed measure rather than the other, is within its sound discretion. 32 C. J. S., Evidence, sec. 760, p. 677; *Russell v. Bush*, 196 Ala. 309, 71 So. 397, 401.

Numerous cases are found where default judgments have been entered against defendants for failure to produce documents at the trial under similar statutes. Whether such default judgment may be taken without requiring the plaintiff to prove his case depends upon the terms of the statute. Many statutes require no such proof. Freeman on Judgments, 5th Ed., Vol. 3, sec. 1287, pp. 2672-73; 34 C. J., Judgments, sec. 408, p. 188.

In *Hammond Packing Co. v. Arkansas*, 212 U. S. 322, 29 S. Ct. 370, 53 L. Ed. 530, 15 Ann. Cas. 645, the court had under review a default judgment entered in an Arkansas court in favor of that State against Hammond Packing Company. The State sued Hammond Packing Company for $30,000 in penalties alleged to have been incurred for the breach of a State anti-trust law. In order to prove its case the State, pursuant to a local statute, had a commissioner appointed to take testimony in the city of Chicago, and an order entered requiring the packing company to produce certain of its records before him at the hearing. The packing company, through its attorney, took the position that the order violated its constitutional rights and declined to produce the records. Thereupon the lower court, upon the motion of the State and pursuant to the statute, struck all of the pleadings filed by the defendant and entered a final judgment in favor of the State for $10,000 as penalties for the violation of the act. The judgment of the lower court was affirmed by the Supreme Court of Arkansas (81 Ark. 519, 100 S. W. 407, 126 Am. St. Rep. 1047) and the packing company appealed to the United States Supreme Court, claiming, among other things, that the entry of such default judgment against it amounted to a denial of due process of law guaranteed by the Federal Constitution.

In affirming the judgment of the State court, Mr. Chief Justice White said (212 U. S., at page 351) that, "In a sense, of course, the striking out of the answer and default was a punishment, but it was only remotely so, as the generating source of the power was the right to create a presumption flowing from the failure to produce" the required documents.

He pointed out (212 U. S., at page 351) that "the law of the United States as well as the laws of many of the states, afford examples of striking out pleadings and adjudging by default for a failure to produce material evidence, the production of which has been lawfully called for."

And, continuing, he says (212 U. S., at page 353): "And beyond peradventure, the general course of legislative and judicial decision in the several states indicates that it has always been assumed that the power existed to compel the giving of testimony or the production of books and papers by proper regulations prescribed by the legislative authority, and for a failure to give or produce such evidence, the law might authorize a presumption in a proper case against the party refusing, justifying the rendering of a judgment by default, as if no answer had been filed."

The entry of a default judgment without the production of evidence is not unknown to our practice. In *Chapman* v. *Delk*, 178 Va. 113, 121, 16 S. E. (2d) 379, 383, we said: "When a bill [in chancery] is taken for confessed, it alone is sufficient proof of all matters of fact properly and specifically pleaded in the bill. Lile's *Equity Pleading and Practice*, section 40(c); *Welsh* v. *Solenberger*, 85 Va. 441, 8 S. E. 91; *Stiers* v. *Hall*, 170 Va. 569, 197 S. E. 450." In that case we affirmed a default decree entered upon the allegations of the bill and unsupported by evidence.

In actions at law judgments by default may be obtained in certain cases by following the procedure prescribed in Code, sections 6046, 6132, 6133 and 6134.

Of a similar nature are Code, section 6125, dispensing with proof of signature, section 6126 dispensing with proof of ownership, and section 6127 dispensing with proof of partnership or incorporation, in the absence of an affidavit denying the allegation of such.

The basis of these statutes is that the failure of the defendant to establish, set up, or assert his defense, in the manner prescribed by law, raises a presumption that the material facts alleged or pleaded are admitted to be true.

*Hammond Packing Co.* v. *Arkansas, supra* (212 U. S., at page 351).

The same principles apply to the case before us. Where a defendant suppresses or fails to produce evidence in obedience to a lawful summons, the statute (Code, section 6237) creates a presumption that the plaintiff's allegations are true and that there is no defense thereto. This is sufficient to warrant the court, in its discretion, in entering a default judgment on the plaintiff's claim.

But it is argued here that this was an action for unliquidated damages, and that the court should have entered an order for inquiry of damages, as prescribed by Code, section 6131, as amended by Acts 1940, ch. 149, p. 222.

There are two answers to this argument. In the first place, this latter section applies to a default judgment which has been obtained at rules in the clerk's office. The present action, as we have seen, is a notice of motion for judgment under Code, section 6046, in which there are no proceedings in the clerk's office at rules. In the next place, the documents which the defendant had been summoned to produce related particularly to the quantum of the plaintiff's damages. The plaintiff expected to show by these records that the defendant, in violation of his contract, had purchased a certain quantity of oil from concerns other than the plaintiff. Without this evidence the plaintiff could not prove its damages, and the lower court has so certified.

We do not mean to say that in every case where a defendant disobeys a summons issued under Code, section 6237, and fails to produce evidence which is material and necessary to the plaintiff's case, the court, without requiring the plaintiff to adduce any evidence, should enter a default judgment against the defendant. Doubtless instances may occur in which the court should require the plaintiff to prove his case as far as he can without the evidence called for, and then, if it is satisfied that the evidence adduced by the plaintiff and that suppressed by the defendant entitles the plaintiff to a recovery, it may enter a default judgment accordingly. Whether such proof should or should not be dispensed with

in whole or in part depends upon the circumstances of the particular case and is largely within the sound discretion of the court.

In the case before us while the contract was not formally offered in evidence, admittedly it was read to the court and to the jury in the opening statement of counsel for the plaintiff. The notion of motion for judgment alleges that it was signed by the defendant, Bova. Since there was no affidavit denying such signature, proof thereof was not required. Code, section 6125. It is manifest from the resumé of the examination of the witnesses bearing on the production of the documents summoned, that Bova had purchased gasoline from the Park Oil Company, Inc. This was *prima facie* in violation of the terms of the contract. Moreover, when the trial court announced its intention to enter a default judgment there was no claim by the defendant that the contract sued on had not been made or had not been breached. Apparently the only controversy in the court below was the proof of the plaintiff's damages. And, yet, the trial court has certified that the evidence necessary to prove this was in the possession of the defendant and was suppressed by him.

In this situation we think it was within the discretion of the trial court to enter the default judgment complained of without requiring the plaintiff to sustain its allegations by the formal introduction of evidence.

The next contention is that the court should have continued the case and given the defendant, Bova, additional time within which to produce the records.

It will be recalled that the summons was served on Tuesday, November 18, and was returnable on Friday, November 21. There is nothing in the record to support the defendant's contention that the desired documents could not have been assembled and produced in that time. His excuse was that they were stored in various places and that it would require "three or four days to get them together". The record is silent as to the number of these documents, how or where they were stored, and why they could not have been collected and produced after the defendant had received the

summons. Certainly, the trial court was not impressed with the defendant's excuse or else it would hardly have certified that his failure to produce the documents was "willful and intentional". Furthermore, at no time during the trial, so far as the record discloses, did the defendant ask for a continuance or that he be given a further opportunity of collecting and producing the documents.

Finally, it is said that the lower court had no right to enter the default judgment against the defendant because the witness, Vaughan, failed to produce the records required of him. This is correct. The penalty prescribed by Code, section 6237, follows from the failure of the litigant himself to produce the required documents in his possession. Here the order appealed from plainly shows that the penalty was imposed for the suppression of evidence by the defendant.

We have not overlooked the stringent nature of the penalty provided in this statute. But when a litigant disobeys the orderly summons of the court and willfully and intentionally suppresses evidence in his possession which is necessary to the ends of justice, the court is faced with a situation which justifies and demands the use of stringent measures. The statute is designed to meet such a situation.

The judgment complained of is

*Affirmed.*