# Richmond

W. H. Wren, et als. v. Florence Lee Tate, et als.

June 19, 1950.

Record No. 3502.

Present, Gregory, Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*Vernon C. Barker, Henry Roberts, Tuck & Bagwell, Allen, Allen & Allen* and *Stuart Carter,* for the appellants.

*Stuart B. Campbell* and *C. E. Hunter,* for the appellees.

GREGORY, J., delivered the opinion of the court.

UPON REHEARING.

At the oral argument on the rehearing of this appeal counsel for appellants conceded that the branch of this case which involved the question of whether or not a parol trust in real estate had been established was correctly decided in the former opinion. (See *Wren* v. *Tate,* 190 Va. 505, 57 S. E. (2d) 48.) Prior to the concession this court had indicated that it desired no oral argument on that branch of the case but that it did desire argument on the phase of the case which dealt with the interest of M. B. Tate at the time of his death in the firm of Robinson, Tate & Company. In the former opinion of this court it was decided that this interest passed to and became the property of James D. Tate, the son of M. B. Tate.

The main argument upon the present rehearing, both oral and in the briefs, was directed to the effect of a certain *pro confesso* decree, which had been entered in the suit of *Kean, Receiver,* v. *James D. Tate, et als.,* in the Circuit Court of Campbell county. This suit which had been instituted in 1894 was not only against James D. Tate, but also Amelia Tate, Millie B. Shuff, Daniel Trigg, and the five Wren children, the last-named being appellants here.

It was a general creditors' suit, and James D. Tate failed to appear or answer the bill. The cause was taken as confessed as to the adult defendants, and by decree, referred to one of the commissioners of the court to ascertain the estate of M. B. Tate and its indebtedness. In his lifetime he had become obligated as surety for W. H. Wren, the father of the appellants, and had failed to pay his debts.

While the matter was pending before the commissioner who was directed to take an account, at the request of James D. Tate the proceedings were suspended to give him an opportunity to settle the claims of the creditors asserted therein. This he did, and on November 23, 1899, it appearing to the court that there had been no order or proceedings in the cause for more than five years it was dismissed and stricken from the docket. There was no adjudication declaring that M. B. Tate owned any interest in Robinson, Tate & Company at the time of his death; in fact, no issues were adjudicated.

In the former opinion, at page 516, we said: "It is a fact that James D. Tate was made a party defendant and that he did not answer the bill. It is also a fact that the bill was taken for confessed as to him. However, this fact would not be conclusive that James D. Tate was not the owner of the interest in 1894." The appellants were co-defendants with James D. Tate in that cause and now they seek to conclude the question of ownership of the Robinson-Tate interest adversely to the James D. Tate estate because the cause was taken for confessed as to him. In other words, they contend that the formal recital in the decree estopped James D. Tate from ever claiming an interest in the firm of Robinson, Tate & Company.

The very fact which the appellants claim is concluded by the decree *pro confesso* was placed in issue when the cause was referred to one of the court's commissioners to take an account, and in addition to that it was agreed to permit the suit to remain dormant until James D. Tate could buy up and settle the claims asserted in that suit. After this had

been fully accomplished the purposes of the suit were fulfilled and its vitality ceased.

This is not the ordinary case of a complainant seeking to invoke the rule of a *pro confesso* decree against a defendant; it is of certain co-defendants seeking to enforce the rule against another co-defendant.

In the bill of complaint filed in the Kean receivership suit, there was no specific allegation that Robinson, Tate & Company was owned by M. B. Tate at his death. The only pertinent matter pleaded was based upon information and belief. This was the language used, "From what he has heard or is led to believe * * * not much personal property save an interest in the mercantile concern in Lynchburg of Robinson, Tate & Company, in which said Tate was a partner, ever came into the hands of the executor * * * ." There was no final adjudication and no final decree that would conclude any such issue on the merits. The effect was similar to that of a non-suit. The suit was not prosecuted to a final determination. It was abandoned and dismissed under the five-year rule. For these reasons the general rule as to the effect of a *pro confesso* decree does not apply.

The court, by its former opinion, did not intend to overturn the law in Virginia concerning the effect of a decree *pro confesso*. We held in *Chapman* v. *Delk*, 178 Va. 113, at page 121, 16 S. E. (2d) 379, that "The allegations in the bill are definite and certain, and in this cause had to be taken as true because no answer or other defense was filed. When a bill is taken for confessed it alone is sufficient proof of all matters of fact properly and specifically pleaded in the bill. Lile's Equity Pleading and Practice, section 40(c); *Welsh* v. *Solenberger*, 85 Va. 441, 8 S. E. 91, and *Stiers* v. *Hall*, 170 Va. 569, 197 S. E. 450."

In the *Chapman Case* the effect of a decree *pro confesso* was successfully invoked by the *complainant* in the bill against the *defendant* upon *specific allegations* set out in the

bill. We did not there decide that matters of fact, not properly and specifically pleaded in the bill are concluded.

The chancellor did not treat the decree as between the *appellants* and *James D. Tate*, co-defendants, as a decree *pro confesso*. If he had he would not have referred the matter to a commissioner with specific directions to ascertain the very fact which the appellants now claim was concluded by the decree *pro confesso*. The decree was merely an interlocutory one and did not adjudicate any matter. It required proof as a necessary preliminary to an adjudication. There was no issue of fact between the Wrens and their co-defendant, James D. Tate. The issues of fact in the litigation alleged were between the complainant receiver and the defendants. At that time James D. Tate and the Wren children were not adverse parties.

We have fully considered the other matters argued orally and in the briefs, and upon the whole are satisfied that the opinion formerly delivered in this case should be adhered to.

*Affirmed.*