## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Resource Bank

v.

William C. Padon, III

December 1, 1993

Case No. CL92–3676

BY JUDGE JEROME B. FRIEDMAN

This matter was argued by counsel on the merits before this court and evidence presented on September 28, 1993. At issue is the obligation of the Defendant on a note in his name with the Plaintiff for $100,000.00. Counsel for both parties have submitted authorities for their respective positions and agreed for this court to issue a letter opinion.

A brief recitation of the facts is necessary. On September 19, 1989, Resource Bank, Plaintiff, issued a loan in the amount of $400,000.00 to Consolidated Imaging Corporation. William C. Padon, III, Defendant, was an officer and director of this corporation. On November 22, 1989, Plaintiff restructured the loan by issuing personal notes to the individuals involved in Consolidated Imaging, including a $100,000.00 note to Defendant. It is disputed as to the authenticity of the signature on the note and the location where the note was signed. Plaintiff seeks enforcement of the note.

The first issue raised by Defendant is his claim that this court has no *in personam* jurisdiction over the Defendant under the minimum contacts in Virginia standard and the Long-Arm Statute, and there is no evidence demonstrating the Defendant signed the note in Virginia.

Although the Defendant claims the court does not have *in personam* jurisdiction due to limited minimum contacts, and although the court is of the opinion that sufficient minimum contacts exist, the issue need not be determined since the Defendant has voluntarily submitted him-

self to this court's jurisdiction and waived any objection he might have. Under Virginia Code Ann. § 8.01–277 (Michie 1992), "A person, upon whom process to answer any action has been served, may take advantage of any defect in the issuance, service or return thereof by a motion to quash filed prior to or simultaneously with the filing of any pleading to the merits." It is well established in Virginia that "a general appearance in a case is a waiver of process, equivalent to personal service of process, and confers jurisdiction of the person on the court." *Nixon v. Rowland*, 192 Va. 47, 50 (1951) (citing numerous authority).

An appearance for any other purpose than questioning the jurisdiction of the court because there was no service of process, or the process was defective, is considered to be a general appearance. *Fisher v. Globe Brewing Co.*, 170 Va. 509 (1938). Here, Defendant filed an answer, generally denying Plaintiff's claim, on February 10, 1993, and it is not until May 6, 1993, that the issue of lack of jurisdiction is raised. Therefore, by having entered a general appearance, Mr. Padon has submitted himself to this court's jurisdiction.

Defendant further argues that even if there is personal jurisdiction, this court does not have subject matter jurisdiction. Subject matter jurisdiction refers to the ability of the court to hear and resolve matters, "the authority granted through constitution or statute to adjudicate a class of cases or controversies." *Morrison v. Bestler*, 239 Va. 166, 169 (1990). Further, an objection for lack of subject matter jurisdiction may be made at any time. *Id.*

"The general rule is that where the cause of action is based on a contract, and especially where the action seeks damages on the ground of breach of contract, the action is transitory in nature and may therefore be adjudicated by any court which has jurisdiction *in personam* of the defendant, irrespective of where the contract was concluded and irrespective of where it is to be performed." 20 Am. Jur. 2d, *Courts*, § 126 (1965). Virginia recognized the principle of transitory actions in *Solomon v. Atlantic Coast Line R. Co.*, 187 Va. 240 (1948) (applying the principle to a personal injury action). Further, this claim meets the other subject matter jurisdictional requirements regarding the amount in controversy as the note in question is greater than $10,000. Therefore, based on the evidence, this court has subject matter jurisdiction over the claim and *in personam* jurisdiction over the Defendant.

Defendant also contends that the plaintiff cannot prove that the Defendant signed the note; therefore, he cannot be held accountable.

However, Virginia Code Ann. § 8.01–279 (Michie 1992) requires that "no proof of the handwriting shall be required unless it be denied by an affidavit accompanying the plea putting it in issue." Further, Virginia Code Ann. § 8.3A-308 (Michie Cum. Supp. 1993), which governs negotiable instruments, states that, "In any action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleading." Defendant, in his answer, does not specifically deny that he signed this note. Defendant first denied signing this note in his Answer to Request for Admissions during the discovery stage.

As a result of his failure to specifically deny the signature as his own, proof that it is in fact his authentic signature is not necessary from the plaintiff, the burden lies on the defendant to prove it is not his. *Bova v. Roanoke Oil Co.*, 180 Va. 332 (1942). Regardless, Virginia Code Ann. § 8.3A-308 further states that even if denied, "the burden of establishing validity [of the signature] is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent . . . ." Here, Mr. Padon is clearly not deceased, and there is no evidence of incompetence, so the presumption would apply and the signature deemed authentic and authorized. No evidence was presented by Defendant to rebut this presumption.

Therefore, it is this court's opinion that Defendant has submitted himself to this court's jurisdiction by his general appearance when he filed an answer to the plaintiff's pleading. Further, the presumption that the signature in question on the note is authentic and authorized has not been rebutted. Therefore, the Court finds in favor of the Plaintiff and enters judgment against the Defendant in the sum of $104,697.15 (reflecting $95,000.00 principle plus interest to September 28, 1993) plus cost and attorney's fees ($6,093.75 up to date of trial plus attorney's fees as of the date the order is entered).