# CHARLESTON.

U. S. OIL AND GAS WELL SUPPLY CO. *v.* GARTLAN *et al.*

Submitted June 13, 1908.     Decided May 11, 1909.

1.  PROCESS—*Service by Publication—Affidavit.*

    An affidavit for order of publication, based upon the third instance mentioned in section 11; chapter 124, Code, is sufficient if its phraseology reasonably imports that process against the defendants as to whom publication is sought was twice directed and delivered, more than ten days before the return day, to the officer of the county in which such defendants resided at the time, and has been returned without being executed. (p. 690.)

2.  SAME—*Personal Service—After Publication.*

    If an action, embracing an attachment, has been properly matured against a defendant upon constructive service of process by publication, a personal summons may afterwards be issued and served on that defendant at any time, pending the action, such direct service can be had. (p. 691.)

3.  APPEARANCE—*Effect.*

    An appearance in an action solely for the purpose of attacking the sufficiency of process does not, if unsuccessful, submit the party so appearing to the court generally. (p. 691.)

4.  SAME—*Special Appearance.*

    A defendant who appears specially and moves to quash an attachment of his property in the action, for insufficiency of the proceedings, does not thereby, if the motion should fail, make a general appearance in the case. (p. 693.)

5.  APPEAL AND ERROR—*Exceptions—Review of Ruling as to Pleading.*

    The rejection of a plea will be waived if no exception is taken thereto. In such case, the rejected plea is no part of the record. (p. 693.)

Error to Circuit Court, Wood County.

Action by the United States Oil & Gas Well Supply Company against J. A. Gartlan and others. Judgment for defendants, and plaintiff brings error.

*Reversed.*

DAVE D. JOHNSON, CHAS. A. SMITH, and EDWARD McSWEENEY, for plaintiff in error.

VAN WINKLE & AMBLER and A. G. PATTON, for defendants in error.

ROBINSON, JUDGE:

The attachment in this case was sustained by a decision of this Court reported in 58 W. Va. 267. But the sufficiency of the affidavit for the order of publication against defendants was not then in question. That question of the sufficiency of constructive service of process by publication now arises. After the case was remanded defendants appeared specially, and moved to quash the affidavit upon which the publication against defendants was had. The motion was sustained.

We are of opinion that the affidavit is sufficient. Constructive service of process, maturing the action so far as its reaching the attached effects is concerned, was properly had. To quash the affidavit was error. The affidavit is justified by section 7, chapter 106, and section 11, chapter 124, of the Code. It recites the issuance of the attachment and the return thereof as executed. It also sets forth that process directed to the officer of the county in which defendants resided was twice delivered to such officer more than ten days before the return day and had been returned without being executed. The objection advanced is that the affidavit says that process was placed in the hands of the sheriff of the county in which the two defendants "resided," whereas the statute uses the present tense, "resides." The plain purport of that statute is that, to support an order of publication, the process shall have been directed and twice delivered, more than ten days before the return day, to the officer of the county in which the defendants resided at the time the process is so delivered, and shall have been returned without being executed. The affidavit substantially sets forth this fact. It says that the process in each instance was directed to the sheriff of Wood county and by that sheriff returned "not found," that the defendants resided in Wood county, and that "process was properly placed in the hands of the sheriff of said county in which said defendants resided twice more than ten days before the return day of said process and have been returned without being executed." It is insisted that this language does not show when defendants resided in Wood county; that such residence may have been long before the direction or

delivery of the process to the sheriff. This contention seems· extreme. The context of the phraseology used reasonably imports that the defendants resided in Wood county at the time the process was directed to the officer, delivered to him, and returned "not found" by him. If the present tense had been used it would have related to the date of the affidavit, not to the time mentioned in the statute. It was necessary to use the past tense to refer to the time spoken of in the affidavit. It most necessarily speaks of facts that existed.before the affidavit was made, and must use the past tense.

The order quashing the affidavit also directed that the action should abate unless it was matured by order of publication or other process within sixty days. No new affidavit was filed. Thereafter writs of summons were again sued out. One was served on defendant Gartlan, as a non-resident, in Pennsylvania. Another, directed to the sheriff of Lewis county, was served on defendant Ahner in that county. Some months later another writ, ·directed to the sheriff of Wood county, was issued and served on defendant Ahner in the last mentioned county. The last writ was executed after the sixty days which had been given to mature the case had expired. The defendants again appeared specially and moved the court to quash these three writs and the returns thereon and to abate the action. The motion was sustained, the writs were quashed, and the cause was stricken from the docket.

It is useless to discuss the sufficiency of the return of service on the summons which was served on Gartlan in Pennsylvania, as a non-resident. We have already held there was proper and sufficient order of publication against him. No such service outside of the state was necessary, and, if good, would have no more force than that order of publication. Nor shall we divert to the objections raised as to the validity of the service of ·summons on defendant Ahner in Lewis county. That process seems to have been abandoned by the act of plaintiff in securing service on him in Wood county, where the action was pending.

It was error to quash the summons served in.Wood county and the return thereon, and to dismiss the action. There is nothing in the record justifying denial of jurisdiction· of the action in that county. The returns of "not found," made by the officer on the original writs; import that defendants resided in

Wood county. 18 Enc. of Pl. & Pr. 945. They were not re-
turned "no inhabitants." Residence by them in the county
unquestionably gives jurisdiction there. The affidavit for the
order of publication says defendants resided there. If there
was no jurisdiction, defendants have not made that fact to ap-
pear. A plea in abatement by defendant Ahner to the Lewis
county writ says that he is a resident of Ohio. That plea does
not, by the record, appear to have been filed. At any rate, it
is not a good plea. It does not aver that he was not a resident
of Wood county at the time the suit was begun. The question
of jurisdiction is determined upon facts existing at the com-
mencement of an action. If jurisdiction is properly based upon
residence, and that residence is changed after the action is com-
menced, the jurisdiction is not affected.

The error in the order quashing the writ served in Wood
county is indeed interwoven with that of having quashed the
affidavit for the order of publication, which affidavit and the
publication thereon we have held sufficient. By that order of
publication the action was regularly matured. The action was
still pending. Plaintiff, having obtained the best service of
process that it could, was entitled, pending its action, to per-
sonal service when that could be had. How far failure regu-
larly to renew process may operate as a discontinuance of a suit
or action, we need not here set forth. 2 Blackstone's Com.
296; Hawkins' Pleas of the Crown, 416; *Moss* v. *Moss,* 4 H.
& M. 293; *Exchange Bank* v. *Hall,* 6 W. Va. 447; Opinion of
ENGLISH, J., in *Blowpipe Co.* v. *Spencer,* 46 W. Va. 590; 14
Cyc. 455; 20 Enc. of Pl. & Pr. 1179. There was no gap or
chasm in the plaintiff's procedure to mature its cause justify-
ing a discontinuance. The plaintiff had matured its case by
the best process obtainable under the circumstances shown by
the record. Writs to the county of the residence of defendants
having twice proved unavailing, plaintiff chose the substituted
method of service provided by law in that event. Plaintiff
thereby as completely matured its cause as it was possible to do
in such case. That maturing of the cause kept it a live, pend-
ing, action. True, the force of a judgment upon such proced-
ure would not be the same as upon personal service, but the ac-
tion was kept alive nevertheless. It was a matured case. There
was constructive notice to defendants. Service of process was

completed, the force of which, so far as the law gave it force, extended to the end of all proceedings in the action. So when the time came that circumstances made it possible to get better service of process, that which would strengthen plaintiff's action and make it one for a better judgment, surely could plaintiff issue personal summons and have the same served on defendant without the charge that he had not regularly kept up a chain of process. There is a wide difference between no process at all and that which is the best process that one can, under the law and the circumstances, use to mature a case. The duly executed order of publication kept plaintiff's suit in shape for better process whenever the time should come that it would be effective. *Axtell* v. *Gibbs,* 52 Mich. 639.

The appearances by defendants which we have mentioned did not have the effect of general appearances to the action. The insistence of plaintiff in this behalf is not well taken. Defendants appeared specially only. They appeared for the purpose of having process quashed. They had the right so to deny that they had been summoned. To hold that they thereby appeared to the action generally would deny them the very test they sought to make. *Fisher* v. *Crowley,* 57 W. Va. 312. Nor did the special appearance made by defendants, prior to the former writ of error herein, whereby they moved to quash the attachment, submit defendants generally to the court. *Dulin* v. *McCaw,* 39 W. Va. 721; *Chapman* v. *Maitland,* 22 W. Va. 329; *Wynn* v. *Wyatt's Admr.,* 11 Leigh 584.

Defendants cross-assign as error the action of the court in rejecting the plea or counter-affidavit tendered by them. This sworn plea expressly denied the fact of the residence of the defendants in Wood county as set forth in the affidavit for the order of publication. It was asserted that, at the time mentioned in the affidavit for the order of publication and continuously to the date of that affidavit, one of the defendants resided in Harrison county and the other one in Wetzel county. If it was error to deprive defendants of the issue sought to be raised by this plea, they have waived it by failure to except to the rejection of the plea. There must be an exception noted, else the rejection of a plea will be waived and the plea become no part of the record. See the cases in point, cited in 5 Enc. Digest, Va. & W. Va. Reports 364 and 365. Admission of such

plea and determination of the issue thereby raised might have materially changed the phase of the case from that which comes to us by the record. Yet we express no opinion as to the propriety of the plea, since such question is clearly not before us. It may be that such plea would be a proper one upon which to overthrow a falsely acquired maturity of the action. *Lawson* v. *Moorman*, 85 Va. 888; *Kitchen* v. *Crawford*, 13 Tex. 516. However, if plaintiff's action was matured by process resting upon a false affidavit, as defendants insist, that fact has not yet been presented.

The order quashing the affidavit for the order of publication, the order quashing the writ served on defendant Ahner in Wood county, and the order abating the action, are reversed, and the action is remanded for further proceedings to be had in the circuit court.

*Reversed.*