Opinion.

# Wytheville

ROSENBERG V. THE UNITED STATES FIDELITY AND GUARANTY COMPANY OF BALTIMORE, MARYLAND.

June 12, 1913.

Absent, Keith, P.

1. PROCESS—*General Appearance—Motion to Dismiss for Want of Declaration.*—Where the court has jurisdiction of the subject matter of an action, an appearance and motion to dismiss the action for want of a declaration is a general appearance, though designated special, and is a waiver of all defects in the process and the time and manner of its service. The defendant thereby submits himself to the jurisdiction of the court.

Error to a judgment of the Circuit Court of the city of Norfolk in an action of assumpsit. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Jeffries, Wolcott, Wolcott & Lankford,* for the plaintiff in error.

*Baird, Swink & Moreland,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is an action of assumpsit brought by the plaintiff in error, Max Rosenberg, hereinafter called the plaintiff, against the defendant in error, The United States Fidelity and Guaranty Company, hereinafter termed the defendant.

The object of the action is to recover damages for the

alleged breach of a contract of guaranty whereby the defendant undertook and promised to make good and reimburse the plaintiff (to the extent of $1,000) for all pecuniary loss sustained by him for moneys, etc., in the possession of one B. S. Johnson, as manager for the plaintiff, for which he was responsible, by acts of dishonesty amounting to the larceny or embezzlement of such moneys, etc.

On motion of the defendant the court dismissed the action, being of opinion "that the plaintiff has proceeded in the wrong forum"; and to that order this writ of error was granted.

There is no question but that the case stated in the declaration is one within the general jurisdiction of the circuit court of the city of Norfolk, but the contention of the defendant is that upon the facts the court has no jurisdiction of the particular case—because the defendant is a Maryland corporation, and it does not appear that the cause of action or any part thereof arose in the city of Norfolk, and, therefore, the process could not lawfully be sent to the city of Richmond and served on the statutory agent of the defendant, as was done in the instant case. *Deatrick* v. *State Life Insurance Co.,* 107 Va. 602, 59 S. E. 489.

If, however (as we apprehend the situation to be), the record shows an appearance to the action, or a general appearance, on the part of the defendant, it is unnecessary to consider any of the questions raised with respect to the direction and service of process. Because it is a well settled rule of practice that by such appearance the defendant waives all defects in the manner and service of process and submits himself to the jurisdiction of the court. The defendant appeared and moved the court to dismiss the action for want of a declaration, and the court having jurisdiction of the subject-matter, subsequent ob-

jection to the jurisdiction on the ground of irregularities affecting the process merely must be treated as having been waived.

In *Frank* v. *Zeigler,* 46 W. Va. 614, at page 618, 33 S. E. 761, at page 762, the court says: "The object of service of process is only to notify persons of the suit and bring them under the power of the court. Appearance answers the same purpose. By it the party submits himself to the jurisdiction of the court. Any appearance, except to object to the jurisdiction—as, for instance, to take advantage of defect in process or return—is a general appearance, not special, and will dispense with its service. Any motion in the case will do so."

Here the motion of the defendant was in no sense founded on lack of jurisdiction of the court, or of defective process or return. On the contrary, it distinctly recognized the jurisdiction of the court and invoked the exercise of that jurisdiction to dismiss the action because of non-compliance on the part of the plaintiff with the statute in the matter of filing the declaration. This was obviously a general and not a special appearance, though designated as such, and by it the defendant submitted itself to the jurisdiction of the court.

In *New River Mineral Co.* v. *Painter,* 100 Va. 507, 42 S. E. 300, the court held that, "appearing to an action, even for the purpose of taking or accepting a continuance, is a waiver of all defects in the service of the writ." *Lane Bros. & Co.* v. *Bauserman,* 103 Va. 146, 48 S. E. 857, 106 Am. St. Rep. 872; *Norfolk & W. Ry. Co.* v. *Sutherland,* 105 Va. 545, 54 S. E. 465.

In *Norfolk & O. V. Ry. Co.* v. *Turnpike Co.,* 111 Va. 131, 68 S. E. 346, Am. Cas. 1912a, 239, the rule is stated thus: "An appearance for any other purpose than questioning the jurisdiction of the court because there was no service of process, or the process was defective, or the service

thereof was defective, or the action was commenced in the wrong county, or the like, is general and not special, although accompanied by the claim that the appearance is only special. A motion to vacate proceedings in a cause, or to dismiss or discontinue it, because the plaintiff's pleading does not state a cause of action, is equivalent or analagous to a demurrer, and amounts to a general appearance."

The rule is similarly stated in the valuable newly published work, Burks' Pleading and Practice, 326.

Upon these authorities, it is plain that the court acquired jurisdiction of the defendant, and, having general jurisdiction of that class of cases, should have overruled the motion to dismiss the action, and proceeded with the trial on the merits.

For these reasons the judgment must be reversed and the case remanded for further proceedings in conformity with the views expressed in this opinion.

*Reversed.*