## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

SHEPHERD AND OTHERS v. STARBUCK AND OTHERS.

March 16, 1916.

Absent, Keith, P.

1. PROCESS—*Service By Publication—Acts 1914, Ch. 332, Sec. 25—Drainage Districts.*—Notice by publication under sec. 25 of Acts 1914, ch. 332, p. 642, for the establishment of draining districts, is not sufficient service upon the persons sought to be affected thereby, and as to those so served the court is without jurisdiction.

2. PROCESS — *Service — Insufficiency — Special Appearance — Calling Parties.*—A special appearance for the purpose of submitting a motion to dismiss a proceeding because of the insufficiency of the notice thereof is not rendered nugatory by the fact that the court directs the parties so specially appearing to be called in open court, and upon such call, they are found to be present. If a party desires to raise the question as to the sufficiency of the service of process upon him he may do so by entering a special appearance for that purpose provided his pleading does not assume such shape as to admit the jurisdiction of the court.

Appeal from a decree of the Circuit Court of Henrico county in a proceeding to establish a draining district. Judgment for the plaintiffs. Defendants appeal.

*Reversed.*

The opinion states the case.

*Willoughby Newton, Jr.,* for the appellants.

*W. W. Old, Jr., Gunn & Matthews* and *Thomas P. Bryan,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

The question involved on this appeal arose in a proceeding by certain landowners in the counties of Henrico and Hanover,

by authority of an act of the General Assembly, approved March 27, 1914, to establish a levee or drainage district therein. Acts 1914, ch. 332, p. 642.

The act does not provide for personal service of notice on defendants whose lands are to be included within the district, except railroad companies (sec. 25). The provision for constructive notice is found in section 5, which reads:

"Notice.—After the petition is entertained by the court, notice shall be given by publication for two consecutive weeks in some newspaper of general circulation within the county or counties, if one shall be published in such counties, and also by posting a written or printed notice at the door of the courthouse, and at five conspicuous places within the drainage district, that on the date set, naming the day, the court will consider and pass upon the report of the board of viewers. At least fifteen days shall intervene between the date of the publication and the posting of the notices and the date set for the hearing."

In this instance the notice was published in the Richmond *Virginian* (a newspaper published in the city of Richmond) for the prescribed time, naming October 13, 1914, as the day on which the court would consider and pass upon the report of the board of viewers. It does not appear that a newspaper was published in the county of Henrico outside of Richmond, but it was shown that a newspaper of general circulation within the county (the Hanover *Herald*) was published in the county of Hanover, and that the notice was not published therein for the time prescribed by section 4.

On October 13, 1914, appellants entered a special appearance for the purpose of submitting a motion to dismiss the proceeding because of insufficiency of notice. Thereupon, the court inquired of counsel if the parties were in the court room, and on being informed that they were present, directed them to be called; and it appearing that they were personally present, the court held, "That their presence in court showed that they

had actual notice of said proceeding," and, having overruled the motion to dismiss, heard the case and established the drainage district.

The insufficiency of notice by publication as to appellants is admitted; and, consequently, as to them the court was without jurisdiction. It would be a solecism to hold that appellants waived this fundamental right by a special appearance for the express purpose of denying jurisdiction.

The distinction between a general and a special appearance is very clearly drawn by Professor Burks in his work on Pleading and Practice: "If," he says, "the defendant appears generally and defends on the merits, or makes or accepts a motion for a continuance, or makes any other motion which does not involve the court's jurisdiction, he thereby waives all defects in the process and the return thereon. Generally, if a party desires to raise a question as to the sufficiency of service of process, he should enter a special appearance for this purpose, but in doing so he should be particular not to allow the appearance to assume such shape as will admit the jurisdiction of the court." Burks Pleading and Practice, 326, and cases cited in notes.

We are of opinion that the order of the circuit court, to the extent to which it affects appellants, is erroneous and must be reversed, and the case remanded for further proceedings not in conflict with the views herein expressed.

*Reversed.*