# Wytheville

## CLARA E. FISHER V. THE GLOBE BREWING COMPANY, INC., AND OTHERS.

June 8, 1938.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Shirley P. Claud* and *Louis B. Fine,* for the plaintiff in error.

*Swink, Swink & White,* for the defendants in error.

GREGORY, J., delivered the opinion of the court.

Clara E. Fisher, petitioner, complains of a judgment of the trial court whereby an attachment was dismissed. The parties will be referred to in accordance with their respective positions in the lower court.

On December 13, 1936, Clara E. Fisher alleges that she purchased a bottle of beer from the defendant, Globe Brewing Company, and as a result of drinking the beer she became violently ill. She charges the beer contained an adulterant which directly caused the illness for which she

seeks to recover. An attachment was issued against the property and effects of the principal defendant, Globe Brewing Company, a foreign corporation, and was served on Morris Ginsberg, the co-defendant. The principal defendant, through its proper agent, thereupon filed an affidavit of substantial defense to the merits of the plaintiff's claim as provided by Code, section 6385, notice of which was given the attorney for plaintiff. The plaintiff failed to file a bond within ten days as required by Code, section 6385, and the clerk dismissed the attachment.

The lower court held that, inasmuch as the attachment had been dismissed for failure to give the required bond, it was without jurisdiction to hear the case on its merits, and entered an order dismissing the action.

The sole question involved in this controversy is as to the correctness of the ruling of the court in sustaining the motion to dismiss the entire proceeding. A determination of this question will require a consideration of Code, section 6385, and other sections to be referred to later.

Section 6385 provides as follows: "If a principal defendant shall file in the clerk's office of the court to which the attachment is returnable an affidavit of himself, his agent or attorney, that he has a substantial defense to the merits of the plaintiff's claim, it shall be the duty of the clerk forthwith to notify the plaintiff, his agent or attorney, of that fact, and the attachment shall stand dismissed *ipso facto* unless within ten days from the service of such notice the plaintiff, or someone for him, shall enter into bond with security approved by such clerk, in a penalty of at least double the amount of the claim sworn to or sued for, with condition that the plaintiff will prosecute his attachment with diligence, and that the obligors will pay all costs and damages, which may be awarded against the plaintiff, or sustained by said defendant, or any other person, by reason of suing out the attachment. But this section shall not apply in any case where the plaintiff has, prior to the filing of said affidavit, given the bond * * *."

Plaintiff contends that the affidavit of substantial defense filed by defendants constituted a general appearance, that the parties were at issue, and that the court had jurisdiction to proceed to trial of the action, under Code, section 6404, even though the attachment had been dismissed. The pertinent portion of this section reads as follows: " * * * but if the plaintiff's claim be due at the hearing, and the court would otherwise have jurisdiction of an action against such defendant for the cause set forth in the petition, and said defendant has appeared generally, or been served with process, it shall retain the cause and proceed to final judgment * * *."

Defendants, on the other hand, vigorously urge that their affidavit of substantial defense did not constitute a general appearance, but that it was a mere step in a statutory proceeding, going to the jurisdiction of the court, and that therefore the court had no jurisdiction to proceed to trial of the action. They further say that the attachment proceeding gave the court conditional jurisdiction which was defeated by the plaintiff's failure to comply with the statute in giving bond and that with the dismissal of the attachment the conditional jurisdiction of the court was relinquished.

Did the defendant make a general appearance to the main or principal action by filing the affidavit in which the affiant on behalf of his principal stated that "the Globe Brewing Company * * * has a substantial defense to the merits of the plaintiff's claim?"

When the plaintiff failed to give the statutory bond within the prescribed time after the defendant had filed its affidavit of substantial defense to the main action, the attachment proceeding was *"ipso facto"* dismissed. If however, the defendant had made a general appearance to the action it should have been prosecuted upon its merits, for, as we have seen, Code, section 6404, provides that even if the attachment is dismissed the principal action shall be retained and the court shall proceed to final judgment on the

merits if the defendant has appeared generally or been served with process.

In Burks' Pleading and Practice (3d Ed.) at page 107, the author of this valuable work says: "Of course pleading the general issue, demurring, or filing an affidavit of substantial defense amount to a general appearance." The author states that granting or accepting a continuance or motion to quash also amount to a general appearance. It would seem that there is just as much reason for holding a defendant to a general appearance where he has filed an affidavit of substantial defense to the merit of the principal action as there would be in holding that he has appeared generally when he moves for a continuance or files a demurrer.

In *Sun Company* v. *Burruss,* 139 Va. 279, 123 S. E. 347, this court held that an affidavit "that the said principal defendant has a substantial defense to the merits of the plaintiff's claim; that the said plaintiff has no claim against the said principal defendant, and that the said principal defendant does not owe the said plaintiff any sum whatever," was the equivalent of a general appearance. The only substantial difference between the language of the affidavit in that case and the language of the one at bar is, that there the additional words "that the said plaintiff has no claim against the said principal defendant, and that the said principal defendant does not owe the said plaintiff any sum whatever" do not appear in the affidavit now under consideration. That difference does not weaken the authority of that case in its controlling applicability here. When the defendant's agent in the case at bar stated in his affidavit that the defendant had a "substantial defense to the merits of the plaintiff's claim" he in effect said that he did not owe the plaintiff's claim. The language of the affidavit is tantamount to a denial of the claim. This being true, we think the defendant by filing the affidavit made a general appearance to the main action and it should have proceeded to judgment.

■ This quotation from *Sun Company* v. *Burruss, supra,* is strikingly applicable here: "The contention is that the filing of the affidavit of substantial defense, followed by the failure of the plaintiff to execute bond within ten days, *ipso facto* operates to terminate the proceeding and to defeat the jurisdiction of the court. The statute relied on, however, only provides that the attachment shall stand dismissed, and this, at least inferentially, suggests that while the attachment may be dismissed the court may still proceed to adjudicate the merits of the controversy just as it might in an action at law in which the court had jurisdiction. That this is a correct inference is perfectly apparent from several other sections of the chapter on attachments. Code, section 6404, expressly provides that if the court would otherwise have jurisdiction of the action, and the defendant has appeared generally, or been served with process, it shall retain the cause and proceed to final judgment in like manner as if it had been a motion matured for hearing. Burks' Pl. & Pr. (2d Ed.), page 698, section 359; *Id.,* page 711, section 360, *et seq.* So it is manifest that if the defendant appeared generally and pleaded to the petition for attachment, the court had jurisdiction of the controversy. There may be cases in which it is difficult to determine whether there has been a general appearance, but in this case there seems to be little reason for questioning the correctness of this ruling."

■■ And again in the same case the court said: "And in *Norfolk & Ocean View Ry. Co.* v. *Turnpike Co.,* 111 Va. 131, 68 S. E. 346, Ann. Cas. 1912A, 239, the rule is thus stated: 'An appearance for any other purpose than questioning the jurisdiction of the court because there was no service of process, or the process was defective, or the action was commenced in the wrong county, or the like, is general and not special, although accompanied by the claim that the appearance is only special. A motion to vacate proceedings in a cause, or to dismiss or discontinue it because the plaintiff's pleading does not state a cause of action, is equivalent or analogous to a demurrer, and amounts to a

general appearance.' *Rosenberg* v. *U. S. Fidelity & Guar. Co.,* 115 Va. 221, 78 S. E. 557; *MacGeorge* v. *Harrison, etc., Co.,* 141 Pa. St. 575, 21 A. 671."

In the recent case of *Kiser* v. *Amalgamated Clothing Workers of America,* 169 Va. 574, 194 S. E. 727, 114 A. L. R. 1291, we held that an affidavit of substantial defense was equivalent to a general appearance. In this case the first application for an appeal involved the single question of whether the trial court had correctly ruled that an affidavit of substantial defense was a general appearance to the action. The defendant urged that such an affidavit was not a general appearance and upon this proposition he asked this court to review and reverse the judgment of the trial court. After mature consideration the court refused the appeal, the effect of which was to approve the ruling of the lower court. Later, upon the second application for a writ of error, when the case came to this court upon the merits, we again held that an affidavit of substantial defense was equivalent to a general appearance.

To guide the profession and litigants in the future and to remove any doubt that anyone may have regarding the effect of such an affidavit, we now reiterate that in an attachment proceeding the filing of an affidavit of substantial defense to the merits in compliance with Code, section 6385, is equivalent to a general appearance, and if the statutory requisites of Code, section 6404, exist and the attachment is dismissed for failure to give the bond prescribed under section 6385, the court "shall retain the cause and proceed to final judgment."

For the reasons stated the judgment is reversed and the case is remanded to the trial court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*