**LUTHER COMPTON & SONS, INC., a Corporation, Plaintiff,**

v.

**COMMUNITY NATIONAL LIFE INSURANCE COMPANY, a Corporation, Defendant.**

**Civ. No. 68–C–10.**

United States District Court
N. D. Oklahoma.

Sept. 30, 1968.

F. Paul Thieman, Jr., Tulsa, Okl., for plaintiff.

H. G. Bill Dickey, of Dickey, Kennon, Lamm & Wilde, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

This case is before the Court on Plaintiff's Motion for Summary Judgment. Plaintiff is suing on a default judgment obtained against the Defendant in the Circuit Court of Tazewell County, Virginia. In that action, the Defendant filed a motion to quash the process issued to it which, pursuant to state law had been served on the Clerk of the State Corporation Commission of the State of Virginia. This motion was overruled and Defendant was ordered to file a responsive pleading. Defendant did not comply with this order and a default judgment was thereafter entered against it. Defendant's subsequent Motion to Vacate this Default Judgment was denied. No appeal was taken by the Defendant from this action of the Virginia Circuit Court and the default judgment became final under applicable Virginia statutes.

In opposing Plaintiff's Motion for Summary Judgment, the Defendant contends that there remains in the case the unresolved fact issue of whether the Defendant was doing business in the State of Virginia so as to authorize the exercise of jurisdiction over it by the courts of that state. Plaintiff contends that this question is foreclosed to the Defendant because its Motion to Vacate Default Judgment resulted in a waiver of any and all jurisdictional defects, such Motion constituting a general appearance. The Motion to Vacate was predicated on the ground that Defendant is an Oklahoma corporation not authorized to do business in the State of Virginia.

Whether Defendant was doing business in Virginia so as to authorize the Virginia court to exercise jurisdiction over

it is a fact question which would bar Plaintiff's Motion for Summary Judgment. Before the Court may reach this issue, it is first necessary to determine if Defendant's Motion to Vacate under Virginia law is a general appearance.

The parties have complied with the Court's request that they specially brief this point of Virginia law. However, the Court, in reviewing these cases [1] has been unable to find one in which the only appearance of the Defendant was for the sole purpose of challenging the jurisdiction of the Virginia court.

The rule consistent with reason and logic which should here be applied is stated in 6 C.J.S. Appearances § 12 g(2).[2] In the absence of a Virginia decision squarely holding that a motion to vacate a default judgment under these circumstances is a general appearance, the Court is constrained to deny Plaintiff's Motion for Summary Judgment. Neither the Motion to Quash nor the Motion to Vacate Default Judgment filed by the Defendant in the Virginia proceeding were based on any ground other than that of lack of jurisdiction. To hold otherwise would put Defendant in the position of submitting to jurisdiction by his very attempt to refute it.

Inasmuch as this disposition of the case leaves in it the fact issue of whether Defendant was doing business in Virginia so as to authorize jurisdiction over it *ab initio*, Plaintiff's Motion for Summary Judgment is denied.

1. Morotock Ins. Co. v. Pankey, 91 Va. 259, 21 S.E. 487 (1895); Norfolk & O. V. Ry. Co. v. Consolidated Turnpike Co., 111 Va. 131, 68 S.E. 346, 347 (1910); Rosenberg v. United States Fidelity & Guaranty Co., 115 Va. 221, 78 S.E. 557 (1913); Sun Co. v. Burruss, 139 Va. 279, 123 S.E. 347 (1924); Kiser v. Amalgamated Clothing Workers of America, 169 Va. 574, 194 S.E. 727, 734, 114 A.L.R. 1291 (1938); Fisher v. Globe Brewing Co., 170 Va. 509, 197 S.E. 490, 491, 116 A.L.R. 1211 (1938); Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518 (1938).

2. "A motion to vacate a judgment or order, based on the sole ground of want of

jurisdiction of the person, does not constitute a general appearance, * * *. A general appearance is entered, however, if a motion to vacate a judgment or order is based on other than jurisdictional grounds, either wholly, or in connection with an objection to the jurisdiction, and an unqualified motion to vacate amounts to a general appearance, where it is required that if an appearance is special it be so designated. * * * A motion to set aside a void default judgment for want of jurisdiction is one of right not in any way directed to the discretion of the court, and it cannot impose, as a term of vacating the void judgment, the requirement that defendant enter a general appearance and make his defense."