DOMENGEAUX, Judge.
This is an appeal from a judgment in a wrongful death action overruling an exception to jurisdiction over the person of defendant, Gordon Brothers Machine Shop, Inc., a foreign corporation which does not appear to have qualified or done business in this state. That defendant duly excepted to the jurisdiction of the court on the main demand, but, according to counsel, inadvertently filed an answer to a third party demand that was filed against it by another defendant before the exception was tried. The district judge held that the filing of the answer to the incidental demand constituted a general appearance by the defendant in the case and overruled the exception.
The defendant now contends that the third party demand should have been treated separately and independently of the main demand, and consequently the answer constituted a general appearance and waiver of objections to the jurisdiction of the incidental demand only; and also that appearance can no longer effect jurisdiction of the main demand, because such incidental demand has now been dismissed.
La.C.C.P. Art. 7 provides that a general appearance, either personally or through counsel, subjects a party to the jurisdiction of the court and impliedly waives all objections thereto except in seven specific instances, none of which can be construed to cover the present situation.
Although we find no Louisiana case directly on point, in Hancock Bank v. Alexander, 344 So.2d 21 (La.App. 3rd Cir.1977) a suit filed by a Mississippi bank against a Louisiana resident, this Court said:
“ ‘Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding ... ’ LSA-C.C.P. Art. 6. Personal jurisdiction may be based on ‘the submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.’ LSA-C.C.P. Art. 6(3). Hancock Bank made a general appearance and submitted itself to the jurisdiction of Louisiana courts when it filed suit against Mr. Alexander in a Louisiana court. Furthermore, it waived any objection to jurisdiction when it answered Alexander’s reconventional demand for damages for wrongful seizure. LSA-C. C.P. Arts. 6 and 7; Imperial v. Hardy, 302 So.2d 5 (La.1974).” (Emphasis ours).
While the underscored portion of the quotation may be considered dictum, it does express this Court’s opinion on the subject at the time. This has not changed.
As to the jurisprudence elsewhere on this point, we note the following in 6 CJS, APPEARANCES at pages 57 and 58:
“A plaintiff, who files a suit may only properly be said to appear with reference to the subject matter of that suit and related matters, but not to unrelated and independent matters. An appearance by plaintiff to dismiss his main action does not confer jurisdiction over plaintiff for a cross action, subsequently filed by defendant, for which no process has been served on plaintiff as required by law; but it is often held that a general appearance to the original action gives jurisdiction for the purposes of a cross action, and that an appearance to a cross action of a co-defendant is an appearance for the purposes of the main action. If the appearance is directed not only to the main action but also to the cross action, *950 it is clearly an appearance to all branches of the case.” (Emphasis ours).
We agree with the trial judge’s conclusion, “that waiver of jurisdiction questions as to an incidental demand would necessarily be a waiver as to the demand to which it is incidental.” We are also convinced that once waived by a general appearance, objections to the jurisdiction cannot be revived by the subsequent dismissal of the incidental demand. Corley v. Rowan, 146 So.2d 271 (La.App. 2nd Cir.1962).
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s costs.
AFFIRMED.