948 F.2d 1282
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
MOBIL OIL COMPANY DE VENEZUELA, Plaintiff-Appellant,
v.
Jose F.P. JIMENEZ, Defendant-Appellee.
 No. 91-2012.
 United States Court of Appeals, Fourth Circuit.
 Argued June 3, 1991.
Decided Nov. 15, 1991.
As Amended Dec. 9, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CA-90-1204-A)
 Argued: Bridget Maloney Bush, Debevoise & Plimpton, Washington, D.C., for appellant; Alexander Arandia, Curi & Arandia, Flushing, N.Y., for appellee.
 On Brief: Loren Kieve, Paul C. Palmer, Debevoise & Plimpton, Washington, D.C., for appellant; Marcello Curi, Curi & Arandia, Flushing, N.Y., for appellee.
 E.D.Va.
 REVERSED AND REMANDED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and DONALD RUSSELL and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The plaintiff, Mobil Oil Company of Venezuela, a corporation chartered under the laws of Delaware (hereinafter "Mobil" or "MOCV"), filed in the state court of Virginia against Jose Francisco Parada Jiminez (hereinafter "Parada") a declaratory judgment action challenging the validity of a Venezuelan judgment recovered by Parada against Mobil. Parada removed the action to the federal court and, after removal, sought dismissal of the action for lack of personal jurisdiction over him. The district court granted the motion to dismiss and Mobil has appealed. We reverse.
 
 
 2
 The controversy grew out of an assignment of three concessions for the exploration of oil in the State of Barinas in Venezuela. Under the terms of this initial assignment, the assignors retained a 2.5% royalty participation in any production obtained from the concession. Parada acquired either by assignment or inheritance a small interest (.003472) in the royalty due the initial assignors as a result of a viable exploration of the tracts.
 
 
 3
 In 1966, after determining that two of the concessions were not commercially productive, Mobil, with the consent of its own assignors (who had obtained their interest from the initial assignors), relinquished its interest in those two concessions in accordance with what it contends to have been Venezuelan law. Parada, asserting his status as the successor in part of the original assignor, filed an action in Venezuela to recover for a theoretical loss to which he was entitled under his share of the royalty interest granted the original assignors. It was his contention that Mobil had failed to secure his consent to the abandonment of the leases and that he was entitled to recover the theoretical royalty he would have received had the concession been exploited as a productive oil field. Under circumstances said by Mobil to be illegal, Parada obtained judgment against Mobil for more than $2.3 million together with costs of $234,675.
 
 
 4
 Mobil filed this action in the state court of Virginia (that being the site of its main office) for a declaratory judgment finding "(1) that MOCV has no obligation to make any payments to defendant Parada, (2) that the purported judgment of The Venezuelan First Court of First Instance in Civil Matters, as ordered by the Tenth Superior Court in Civil and Mercantile Matters, is null and void as violative of fundamental justice and fairness and the procedural due process rights of MOCV and therefore may not be enforced, (3) that MOCV be awarded the damages it has incurred as a result of the unconstitutional and improper acts described above, together with its costs and attorneys fees, and (4) such other relief as may be appropriate." (J.A. at 15-16.) Service on Parada was by publication in conformity with State procedure.
 
 
 5
 Following the filing of this state action, Parada filed in the state court a "Notice of Intention to Remove [the cases] to the U.S. District Court for the Eastern District of Virginia." After this statement of his intention to remove, Parada added a separate "Notice":
 
 
 6
 4. This Notice is intended to act as an affirmative response herein; defendant requests notice to its counsel of any further motions of plaintiff in this court. (J.A. at 22.)
 
 
 7
 The next day after the filing of this "Notice," Parada filed, again in the state court, a motion "for leave to file a late answer/response to the Motion for (Declaratory) Judgment," saying he "intends to file an answer/response in the appropriate Court immediately upon determination of its Removal Petition." (J.A. at 24.) Parada attached to his motion a proposed order. That motion was granted by the presiding judge in the state court in an Order that followed the Order proposed by Parada:
 
 
 8
 THIS MATTER having come before this Court upon Motion of Defendant for leave to file late his response to the Motion for Declaratory Judgment filed by Plaintiff herein,
 
 
 9
 and
 
 
 10
 IT APPEARING that Defendant's request is timely filed and is reasonable, it is
 
 
 11
 ORDERED that Defendant is granted leave to file his response to Plaintiff's Motion for Declaratory Judgment on or before September 17, 1990.
 
 
 12
 (J.A. at 25.) The action was thereafter removed to the federal court on Parada's application.
 
 
 13
 On removal, Parada moved to dismiss the action for want of personal jurisdiction. The district court granted the motion, finding that there was a lack of the requisite contacts for personal jurisdiction over Parada. Though counsel for Mobil raised the point that the defendants had entered "an appearance ... in [the] Virginia State court," (J.A. at 91) the district court entered its order without considering the claim that Parada had waived the right to object to jurisdiction herein. Mobil has appealed. We reverse.
 
 
 14
 While Mobil has raised a number of claims of error by the court below, we find it necessary to consider only the contention that Parada had appeared in the State court prior to removal and thereby waived any objection to jurisdiction. Whether Parada, by his action prior to removal, waived objection to personal jurisdiction is to be resolved by Virginia law, since in a removal case, State rules and procedures control the procedure for the filing of the action until removal to the federal court has been effected. The federal court, upon removal, simply "takes the case up where the State court left it," Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 436 (1974); Kirby v. Allegheny Beverage Corp., 811 F.2d 253, 257 (4th Cir.1987). Thus, during this period between filing of the action in state court and its removal to the federal court, a defendant may lose his right to challenge personal jurisdiction if he has taken any action which under state law will qualify as a waiver of such rights on his part. See Nationwide Eng'g & Control Sys., Inc. v. Thomas, 837 F.2d 345, 347-8 (8th Cir.1988). We accordingly look to Virginia law in order to ascertain whether Parada waived the right to contest jurisdiction by his actions in the state court.
 
 
 15
 Virginia distinguishes between a special and a general appearance by a defendant. Under Virginia law, the line of distinction between the two categories of appearance often has been declared by that State's courts. Under Virginia law, the only permissible purpose of a special appearance by a defendant is to challenge the court's jurisdiction and if the appearance goes beyond such purpose, that appearance will be considered a general appearance operating as a waiver of personal jurisdiction. Fisher v. Globe Brewing Co., 170 Va. 509, 197 S.E. 490, 491-92 (Va.1938); Norfolk & O.V. Ry. Co. v. Consolidated Turnpike Co., 111 Va. 131, 68 S.E. 346, 348 (Va.1910). And even though the defendant may denominate his appearance as "only special," it will still be treated as a general appearance if his appearance assumes "such shape as will admit the jurisdiction of the court." Shepherd v. Starbuck, 118 Va. 682, 88 S.E. 59, 60 (Va.1916). Because of this rule, the court has cautioned a party seeking to make only a special appearance "to be particular" in confining his appearance to this purpose. Shepherd, id. Moreover, in keeping with this principle, a general appearance will arise by implication as a result of any objective manifestation of an intent to defend or contest the action on the part of the defendant. Roland v. W & L Motor Lines, Inc., 231 S.E.2d 685, 687 (N.C.App.1977); New River Mineral Co. v. Painter, 100 Va. 507, 42 S.E. 300, 301 (Va.1902); Heleasco Seventeen, Inc. v. Drake, 102 F.R.D. 909, 912 (D.Del.1984); Trust Co. Bank v. Tingen-Milford Drapery Co., 119 F.R.D. 21, 22-23 (E.D.N.C.1987). Thus, when a defendant makes or accepts a motion for a continuance or makes any other motion that does not involve the court's jurisdiction, that action will be treated as a general appearance. Shepherd, 88 S.E. at 60.
 
 
 16
 Parada in this case, never once stated any intention on his part to contest personal jurisdiction. Instead, he manifested an intention in his "Notice" and "Motion for an Extension" to defend the action without limiting his action in any way to a challenge to the jurisdiction. And he did this on not one but on two occasions. The first of these acts was his initial appearance to file a "Notice of Intention" with two parts. In that appearance he first gave notice of his intention to remove. But he did not end his appearance with this mere notice to remove, a perfectly superfluous and innocuous act since such notice did not effect a removal. He added another separate notice to the effect that "[t]his notice is intended to act as an affirmative response herein" and to demand "notice to [its] counsel of any further motions of plaintiff in this court." (J.A. at 22.) (Emphasis added). The plaintiff, after this appearance, made a second appearance in the form of a motion "for leave to file a later answer/response to the Motion for (Declaratory) Judgment." (J.A. at 24.) In that notice of motion for continuance, the defendant reiterated his intention to file an answer after his motion "to file an answer/response in the appropriate court immediately upon determination of its Removal Petition." Id. Parada attached to this motion to continue a proposed Order granting his motion for "leave to file his response to Plaintiff's motion for Declaratory Judgment on or before September 17, 1990." (J.A. at 25.) The State court granted the motion as requested by Parada.
 
 
 17
 There is not the slightest suggestion in any of these motions or in the proposed order of extension that the defendant was making a special appearance solely for the purpose of challenging personal jurisdiction. On the contrary, Parada's statement of his intention to file "an answer/response" as soon as his motion to remove was acted on gave positive and affirmative evidence that he expected to answer. Under the Virginia rule of implication already stated, Parada thereby waived any right to contest the jurisdiction of the Court. See New River Mineral Co., 42 S.E. at 301.
 
 
 18
 Beyond this, the federal rule under which a defendant by his action will be held to have waived by his appearance any right to contest jurisdiction is substantially the same as the Virginia rule, and provides "An appearance 'may arise by implication from defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to plaintiff other than one contesting only the jurisdiction***.' " 10 Charles A. Wright, Arthur R. Miller, Mary K. Kane, Federal Practice & Procedure, § 2686 (2d ed. 1983) (citing 6 C.J.S. Appearances § 12 [1955].
 
 
 19
 A further exposition of the federal rule is correctly set forth in Heleasco Seventeen, Inc. v. Drake:
 
 
 20
 Normally, an appearance is used to signify the overt act by a party involving some presentation or submission to the Court's jurisdiction. A defendant, however, need not respond directly to the complaint in order for his conduct to constitute an appearance. The appearance required by Rule 55(b)(2) has been broadly defined and it is not limited to a "formal" court appearance. An appearance may arise by implication from defendant's seeking, taking or agreeing to some steps or proceedings in the cause beneficial to himself of detrimental to plaintiff.
 
 
 21
 102 F.R.D. 909, 912 (D.Del.1984) (citations omitted). It follows that, if we were to look to the federal, instead of the Virginia, rule in this connection, the result would be similar: Parada waived personal jurisdiction by his actions in the State court and he came to the federal court on removal burdened by that waiver in State court.
 
 
 22
 The defendant's answer is that in federal court the distinction between special and general appearances have been abolished. However, the plaintiff's position is that the waiver by the defendant of personal jurisdiction resulted from actions taken by the defendant while the case was pending in the State court. Whether those actions were sufficient to constitute such a waiver is to be resolved under Virginia law since federal procedural rules became involved only after removal had been perfected. This is our holding in Kirby, 811 F.2d at 257, a holding which accords with the federal rule that a removed case "goes to the federal court laden with whatever proceedings have properly attached thereto before transfer." See also Nationwide Eng'g & Control Sys., Inc., 837 F.2d 345, 347 (8th Cir.1988); Goade v. Vollrath, 81 F.Supp. 971, 973 (W.D.Mo.1948). Thus the issue here is not one governed by federal law, as we have already observed; it is resolvable by Virginia law and under Virginia law, it seems quite clear that Parada has waived any right to challenge. We therefore conclude that the district judge erred in not finding as a matter of law that the defendant had by his actions and particularly by his motion for an extension of time without reservation waived any right to challenge jurisdiction.*
 
 
 23
 The judgment of dismissal below is vacated and the cause is remanded to the district court for further action consistent with this opinion.
 
 
 24
 REVERSED AND REMANDED.
 
 
 
 *
 It was stated during argument that Parada had filed an action in his own name in the District Court of New York against Mobil on his Venezuelan judgment. Similarly, it was said that even while this controversy was going on, Parada had filed a suit against Mobil on its Venezuelan judgment in the Virginia courts. Though this conduct may be argued to be somewhat inconsistent with Parada's position in this case, the point is mooted by our decision herein. Moreover, all the motions herein for supplementing the record and for motions for summary judgment, attorney's fees and costs, are similarly dismissed in view of the decision herein