## CIRCUIT COURT OF LOUDOUN COUNTY

C. Bernard Cross

v.

David Whitehurst

November 12, 1992

Case No. (Law) 13569

BY JUDGE JAMES H. CHAMBLIN

Counsel appeared before the Court on November 6, 1992, on Defendant's Motion to Quash Service. This case originated in General District Court. On April 29, 1992, Mr. Burns entered a special appearance before Judge Walker to object to service of process. Judge Walker overruled this objection. The case was continued until May 27, 1992, to allow Mr. Burns time to confer with his client.

On May 7, 1992, Mr. Burns filed an Application for Removal to Circuit Court pursuant to Virginia Code Section 16.1–92. Mr. Burns noted on the application for removal he was entering a special appearance for the defendant. The defense contends that removal of the case to Circuit Court continues the Defendant's special appearance. The Plaintiff contends the application for removal constitutes a general appearance by the Defendant.

The Court finds that by filing an Application for Removal to Circuit Court the Defendant entered a general appearance.

An unsuccessful special appearance in an action solely to attack the sufficiency of process does not submit the party to the general jurisdiction of the Court. *Crockett v. Reynolds*, 76 W. Va. 763, 86 S.E. 881 (1915); *United States Oil & Gas Well Supply Co. v. Gartlan*, 65 W. Va. 689, 64 S.E. 933 (1909). Further, appearing before the Court to ask for dismissal of the suit because of improper service does not waive the objection to service of process. *Hilton v. Consumers' Can Co.*, 103 Va. 255, 48 S.E. 899 (1904). If the Court overrules the objection to service of process, the party may withdraw

or defend the case on its merits. It should be noted that a party entering an unsuccessful special appearance may participate in the trial on the merits and obey orders of the Court without waiving the special appearance on appeal. *Duncan v. Tucker County Bd. of Education*, 149 W. Va. 285, 140 S.E.2d 613 (1965); *Handbook on Virginia Civil Procedure*, 2d ed., by W. Hamilton Bryson, p. 131. However, the party having entered the special appearance does not solicit or take any action on the merits. Otherwise the party may be found to have entered a general appearance.

A general appearance may be express or be implied by conduct taken by the defendant. In Virginia it is clear that a defendant's taking or agreeing to a continuance is evidence of his entering a general appearance. *See Harvey v. Skipworth*, 57 Va. (16 Gratt.) 410 (1863); *Bell v. Farmville, etc., Ry. Co.*, 91 Va. 99, 20 S.E. 942 (1895); *New River Mineral Co. v. Painter*, 100 Va. 507, 42 S.E. 300 (1902). Further, several actions such as a motion for a change of venue, a motion for a continuance, or a motion to dismiss the cause on appeal, constitute a general appearance. *See Rosenberg v. United States Fidelity, etc., Co.*, 115 Va. 221, 78 S.E. 557 (1913); *Fisher v. Globe Brewing Co.*, 170 Va. 509, 197 S.E. 490 (1938).

By removing the present case from General District Court to Circuit Court, rather than defending the case on the merits and seeking a de novo appeal of all the issues, including service of process, the Defendant took an affirmative action submitting him to the general jurisdiction of the Court. After receiving Judge Walker's adverse ruling, Mr. Burns requested a continuance on April 29, 1992, until May 27, 1992. The Defendant then removed the case to Circuit Court on May 7, 1992. While it is arguable that requesting the continuance in General District Court may not have constituted a general appearance, removing the case to Circuit Court before the next scheduled hearing date certainly did constitute a general appearance.

It should be noted that had this case been brought in Circuit Court originally, and had the Court overruled the Defendant's objection to service of process, the Defendant would not have been allowed to take an interlocutory appeal on this issue. By finding that the removal of this case to Circuit Court continued the Defendant's special appearance, this Court would be granting an interlocutory appeal of an issue not available to a party in Circuit Court.