## CIRCUIT COURT OF THE CITY OF RICHMOND

Stephen D. Salomonsky et al.

v.

Brandaid Marketing
Corporation et al.

July 2, 2004

Case No. LM-2266-1

BY JUDGE MELVIN R HUGHES, JR.

In this case, the defendants have asked the court to dismiss them from the case for lack of personal jurisdiction. The basis for the request has to do, in part, with the defendants' earlier appearance by way of filing a notice of removal to the United States District Court. After the case was removed to Federal court, the court determined that there was no federal question involved and remanded the case back to this court.

Before the case was removed, defendants filed a Motion to Dismiss for lack of personal jurisdiction and Motion to Quash Service of Process, contending that there are insufficient contacts with the Commonwealth under the long-arm statute, Va. Code § 8.01-328.1(A) and under due process standards as set out in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Now that the case is back defendants continue to press that position. Plaintiffs argue that they waived their objection by filing the notice of removal and thereby submitted to the jurisdiction of this court. The court agrees with plaintiffs.

In support of their position, defendants cite *Wabash Western Ry. v. Brow*, 164 U.S. 271 (1896). In *Wabash* the court stated:

> [w]e are of the opinion that the filing of a petition for removal does not amount to a general appearance but to a special appearance only. *Wabash* at 279. By the exercise of the right of removal, the petitioner refuses to permit the state court to deal with the case in

any way, because he prefers another forum, to which the law gives him the right to resort. This may be said to challenge the jurisdiction for the state court, in the sense of declining to submit to it, and not necessarily otherwise.

*Id.*

Plaintiffs, on the other hand, cite language in *New Life Christian Church v. Dynabilt Technology International Corp.*, 59 Va. Cir. 399 (2002). There, the defendant filed a motion for an extension of time prior to objecting to personal jurisdiction. The circuit court found that the defendant had submitted to the jurisdiction of the court by filing the motion for an extension of time. Quoting *Gilpin v. Joyce*, 257 Va. 579, 581 (1999), the court said "[a]n appearance for any other purpose than questioning the jurisdiction of the court . . . is general and not special."

This principle was followed in *Cross v. Whitehurst*, 29 Va. Cir. 306 (1992), where the court found that an application for removal to circuit court from the general district court constituted a general appearance. The court reasoned that the Virginia Supreme Court has found that motions to change venue, motions for continuance, and motions to dismiss the case on appeal constitute general appearances. While the *Wabash* ruling appears not questioned or overruled and while a distinction can be made between this case and the ones where Virginia case law finds a general appearance, Virginia law seems to suggest that any appearance other than to question the court's personal jurisdiction in the first instance, constitutes a general appearance.

Here, the federal court found it did not have subject matter jurisdiction. This, of itself, did not waive any objection to that court's exercise of personal jurisdiction. Even though the federal court could not confer jurisdiction without any action of the defendant, the petition for removal filed here constitutes a general appearance in this court and waives any objection to personal jurisdiction because it was, again, an appearance for a reason other than questioning the jurisdiction of this court. This outcome makes it unnecessary to decide the long-arm, minimum contacts issues on the questions of personal jurisdiction.