# CIRCUIT COURT OF FAIRFAX COUNTY

Agbey

 v.

Sati et al.

November 23, 2005

Case No. (Law) 2004-226733

BY JUDGE JONATHAN C. THACHER

This matter came before this Court on Defendants' Demurrer to Amended Motion for Judgment and Motion to Dismiss for Lack of Personal Jurisdiction filed on August 15, 2005. Originally, the Motion for Judgment was filed by Plaintiff on October 28, 2004. Defendant's Notice of Filing Notice of Removal to the United States District Court for the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. § 1446(d), was filed November 29, 2004. Judge Jane Marum Roush, of this Court, entered an Order deeming the cause removed and stricken from the active docket on December 3, 2004.

In the U.S. District Court, both parties participated in proposed discovery plans and, after deciding that it was in both parties' best interests, consented to remand in order to bring this case back to this Court on May 13, 2005. On August 2, 2005, a Consent Order was issued by Judge R. Terrence Ney, of this Court, allowing Plaintiff to amend the Motion for Judgment. Defendants filed, as noted earlier, a Demurrer to Amended Motion for Judgment and this Motion to Dismiss For Lack of Personal Jurisdiction simultaneously on August 15, 2005, and a Memorandum in Support of Dismissal on September 1, 2005. Plaintiff filed both an Opposition to Motion to Dismiss and Opposition to Defendants' Demurrer to Amended Motion for Judgment and Motion to Dismiss on September 12, 2005. Oral arguments on the Motion to Dismiss were held on

September 16, 2005, and this matter was taken under advisement. Plaintiff subsequently filed a Supplement to Opposition to Motion to Dismiss on September 27, 2005.

After reviewing the appropriate pleadings, arguments, supplements, and relevant law, the Court reaches the findings and conclusions stated below.

## Facts

Plaintiff is a resident of the Commonwealth of Virginia and Defendants are citizens of and reside in the United Arab Emirates. The Defendants' agent retained the Plaintiff to set up a corporation, TS Group, Inc. (TS), which was purportedly done in May 2003. Plaintiff contends that the agreement called for three separate $50,000 payments to be made by Defendants to Plaintiff. The first payment was scheduled to be made at the beginning of the agreement in May 2003, the second payment was due one year later, and the third payment was due one year after the second payment. Plaintiff also contends that the agreement called for 1% of TS's gross revenues to be paid to Plaintiff. The Amended Motion for Judgment adds three separate claims for the same action. Originally, the Plaintiff's claim was for breach of contract. The Amended Motion for Judgment also added alternative theories of claims for Implied Contract at Law, Quantum Meruit, and Unjust Enrichment. All three amended claims are for the same action and for the same claimed amount of $100,000 in damages.

## Issue

The Defendants assert that Virginia's long arm statute (Va. Code § 8.01-328.1) and the Due Process Clause of the U.S. Constitution do not allow personal jurisdiction over the Defendants. Plaintiff argues that the Defendants waived any claim that this Court lacks personal jurisdiction or in the alternative that Defendants are admittedly agents for TS and within the grasp of Virginia's long arm. Because this Court holds that the Defendants have waived any right to contest personal jurisdiction, analysis of the issue under the traditional "minimum contacts" framework is unnecessary.

### Defendant's Motion to Dismiss
### for Lack of Personal Jurisdiction

In order for a non-resident party to be subject to personal jurisdiction in Virginia, the Court must determine whether Virginia's long arm statute allows for jurisdiction under a two prong analysis. First, a court must determine whether

the language of the statute authorizes jurisdiction over the defendant in the given case. If so, the court must then consider whether the exercise of jurisdiction over the defendant would comport with the dictates of the Due Process clause of the Fourteenth Amendment. *See Peninsula Cruise, Inc. v. New River Yacht Sales, Inc.*, 257 Va. 315, 318-19, 512 S.E.2d 560 (1999); *Ellicott Mach. Corp. v. John Holland Party, Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993); *English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990). If a party makes a general appearance, however, all claims for lack of personal jurisdiction are waived. *Nixon v. Rowland*, 192 Va. 47, 50 (1951).

"An appearance for any other purpose than questioning the jurisdiction of the court . . . is general and not special, although accompanied by the claim that the appearance is only special." *Gilpin v. Joyce*, 257 Va. 579, 581, 515 S.E.2d 124 (1999) (quoting *Norfolk & Ocean View Ry. Co. v. Consolidated Tpk. Co.*, 111 Va. 131, 136, 68 S.E. 346 (1910)). The Defendants first action in this Court was to ask for removal to the federal court. That removal did not serve as a "special" appearance for contesting personal jurisdiction, but served as a "general" appearance, thereby waiving all rights to contest personal jurisdiction in this Court. Subsequent to the removal, the Defendants participated in discovery and agreed to the Consent Remand, actions which on its own would seem to logically imply concession of personal jurisdiction in this Court. The main protections that the Due Process clause affords with regards to personal jurisdiction is to ensure fairness; it would not be "unfair" to apply personal jurisdiction in this case when Defendants agreed to remand this case back to this Court. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). Whether those actions do rise to that level is a question that this Court need not reach, since it is clear that removal to federal court is a general appearance and waives any claim for lack of personal jurisdiction. Once back in this Court, the Defendants also filed the Demurrer on the merits at the same time as the Motion to Dismiss. They have appeared "generally" by attacking some merits of the case, while simultaneously appearing "specially" to contest jurisdiction. Again, this Court need not address that aspect, since waiver has already occurred.

This case is almost entirely on point with *Salomonsky v. Brandaid Mktg. Corp.*, 66 Va. Cir. 24 (2004), where the court found waiver of any claim for lack of personal jurisdiction. In *Salomonsky*, the defendant filed notice for removal to federal court and the case was removed to the federal court where that court determined that subject matter jurisdiction was not met. On remand, Defendant moved to dismiss based on a lack of personal jurisdiction. The circuit court determined, based on the similar holdings of the Virginia Supreme Court, which held that motions for a change of venue and motions for a continuance have

waived lack of personal jurisdiction claims, that removal to federal court should confer personal jurisdiction. Virginia courts have also held that removal from general district court to circuit court waives objection to personal jurisdiction. *See Cross v. Whitehurst*, 29 Va. Cir. 306 (1992). This Court believes the reasoning behind both of those cases is sound and should be followed here.

## *Conclusion*

After consideration and review of the Amended Motion for Judgment, the Defendant's Motion to Dismiss, the Plaintiff's Opposition to Motion to Dismiss, and the relevant law, this Court holds that the Defendants have waived any objections to personal jurisdiction being applied in this case. The Defendants' action in removing this case to federal court was a general appearance and has waived any claim for lack of personal jurisdiction. The Defendants' Motion to Dismiss is denied.