## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Christopher Gilmore

v.

The Wise Co., Inc., et al.

December 13, 2006

Case No. CL06-1745

BY JUDGE DEAN W. SWORD, JR.

This matter is an action seeking damages for negligence and personal injuries. There are four defendants: (1) The Wise Co., Inc., (2) B & M Seating, (3) Wellcraft Marine, and (4) Bill's Marine, Inc.

Without discussing facts that are not essential to the decision, we shall note the following and assume for now that these are essentially accurate. The plaintiff purchased a boat from Bill's Marine. The boat was manufactured by Wellcraft Marine. The boat contained a component called a "captain chair" that was manufactured and designed by The Wise Co. and B & M Seating. It is alleged that the "captain chair" failed, causing personal injury to the plaintiff. Each of the defendants except Bill's Marine is a foreign corporation.

The Wise Co. was served with process pursuant to Virginia Code § 8.01-328.1 (sometimes called the "long arm statute") and has filed a motion to dismiss for lack of personal jurisdiction. For the purpose of our decision, we shall assume without deciding that this motion is well taken as it relates to long arm jurisdiction.

However, the issue does not end here. Wellcraft Marine has filed a cross-claim against Wise, and Wise has filed responsive pleadings to that action. Thus, we must determine whether or not the pleadings filed in response to the cross-claim constitute a general appearance and thus a waiver of the long arm jurisdiction argument.

After having considered the arguments of counsel and the applicable law, the court is of the opinion that it has personal jurisdiction over The Wise Co. by virtue of its pleadings which constitute a general appearance.

Virginia has long held that "[a]n appearance for any other purpose than questioning the jurisdiction of the court ... is general" and a general appearance "[c]onfers jurisdiction of the person on the court." *Gilpin v. Joyce*, 257 Va. 579, 581, 515 S.E.2d 124 (1999). See also *Maryland etc. Co. v. Clintwood Bank*, 155 Va. 181, 154 S.E. 492 (1930).

While we have been unable to locate a Virginia case that is factually on all fours with this matter, I am of the opinion that the following circumstances are very close and clearly and uniformly support our finding of jurisdiction.

"A motion to vacate proceedings ... or to dismiss or discontinue ... because the ... pleading does not state a cause of action is equivalent to a demurrer and ... a general appearance." *Norfolk & O. V. Ry. Co. v. Turnpike Co.*, 111 Va. 131, 136-37, 68 S.E. 346 (1910).

"Any action taken ... which recognizes the case as in court will amount to a general appearance unless [it] ... was for the sole purpose of objecting to the jurisdiction." *Ceyte v. Ceyte*, 222 Va. 11, 14 (1981).

Filing an "affidavit of substantial defenses," "pleading the general issue, [and] demurring" amount to a general appearance. *Fisher v. Globe Brewing Co.*, 170 Va. 509, 512, 197 S.E. 490 (1938).

Also, "granting or accepting a continuance, or a motion to quash for other reasons than defects in the process or returns, amount to a general appearance." *Kiser v. Amalgamated Clothing Workers*, 169 Va. 574, 591, 194 S.E. 727 (1938).

Filing a petition for a rule to show cause after having filed a special appearance challenging jurisdiction constituted "a request for affirmative relief ... [and] a general appearance. . . ." *Franklin v. Commonwealth*, 27 Va. App. 136, 147 (1998).

Finally, a Louisiana case is directly on point. After objecting to jurisdiction, the defendant filed an answer to a third-party claim. Both the trial court and the appellate court found such to constitute a general appearance. *Crum v. Spencer-Harris Machine & Tool Co.*, 499 So. 2d 948 (La. 1986).

An analysis of the Virginia case law leads one to a rule that says practically any activity that is not a direct challenge to the jurisdiction of the court is a general appearance. Thus the answer to the cross-claim can only lead the court to the conclusion that a general appearance has occurred and The Wise Co. has submitted itself to the jurisdiction of the Court. By so doing, the "long arm jurisdiction" arguments are waived.